UTICA,
October, 1820.

MAYBEE
v.
AVERY.

------- o -------

MAYBEE *against* AVERY.

A verdict and judgment thereon, to be evidence, must be on the same point, and between the same parties or privies.

Where the matter in dispute is a question of public right, all persons standing in the same situation are affected by it.

As, where the public is a party aggrieved, and the prosecution is carried on, though their officers, any individual may avail himself of the conviction.

THIS was an action of *slander*, tried before Mr. Chief Justice *Spencer*, at the *Albany* circuit, in *October*, 1818.

The words laid in the declaration, as spoken by the defendant of the plaintiff, were : " You are a thief." " You stole my hens." " He stole my hens." " I as much believe he stole my hens, as I am alive." The defendant pleaded the general issue, with notice of special matter to be given in evidence, justifying the truth of the charge.

At the trial, the plaintiff proved, that the defendant, in the spring of 1816, had spoken the words charged. The defendant then produced a record of conviction before three

Therefore, in an action of slander, for saying, that the plaintiff was a *thief*, and stole the defendant's hens, a record of a conviction of the plaintiff before a Court of Special Sessions, for stealing the defendant's hens, is admissible evidence under a notice or plea of justification by the defendant, of the truth of the words spoken. The verdict of conviction in such case, is, however, only *prima facie* evidence, and the plaintiff, therefore, is allowed to disprove the fact, and to give evidence of the falsity of the evidence on which the conviction was founded. But the conviction cannot be received in evidence at all, if the defendant, in the civil suit, and the party aggrieved, was a witness in the criminal prosecution.

Justices of the Peace, at a Court of Special Sessions, held by them on the 13th of *April*, 1818, by which it appeared, that the defendant was convicted before the said justices, of stealing two hens of the defendant, and was fined for the offence, seven dollars. To the admission of this evidence, the plaintiff's counsel objected; and the Chief Justice decided, that although the record might not technically be considered as a bar to the plaintiff's action, yet it was evidence of the plaintiff's guilt, and went to show, that there was no malice on the part of the defendant, in speaking the words; and that he should allow it to be read for that purpose, and it was, accordingly, read in evidence.

The plaintiff, then, offered to show, that the evidence on which the conviction was founded was false, and to prove that he was owner of the two hens mentioned as the subject of the petit larceny, of which he was convicted before the justices. To this evidence the defendant's counsel objected, on the ground, that the record of conviction, until reversed, was conclusive evidence of the fact of the plaintiff having stolen the hens in question. This objection was sustained by the Chief Justice, and the evidence rejected; and the jury, under his direction, found a verdict for the defendant, with leave for the plaintiff to move to set it aside, on a case made. It was admitted, at the trial, that the conviction of the plaintiff was before the commencement of the present suit, and that the defendant was not a witness at the trial in the Court of Special Sessions.

The case was submitted to the Court, without argument.

SPENCER, Ch. J. delivered the opinion of the Court. The question whether the record of conviction was evidence or not, is certainly not free from doubt. Both *Peake* and *Phillips* treat it as a point pretty much afloat, and I have met with no case expressly deciding it. The case of *Jones v. White*, (1 *Str.* 68.) independently of the loose manner in which the judges speak, and the nature of the issue, cannot be considered an authority, for the Court was equally divided. *Buller*, in his *Nisi Prius*, (245.) lays down the law to be, that " though a conviction in a court of criminal jurisdiction be conclusive evidence of the fact, if it afterwards

come collaterally in controversy, in a court of civil jurisdiction, yet an acquittal in such court is no proof of the reverse. As, suppose the father convicted on an indictment for having two wives, this would be conclusive evidence in ejectment where the validity of the second marriage was in dispute. But an acquittal would not prevent the party from giving evidence of the former marriage, so as to bar the issue of the second ; for an acquittal ascertains no fact, as a conviction does, nor would a conviction be conclusive, so as to bar the party in a writ of dower or appeal, when the legality of the marriage comes in question. And he proceeds to say, that it would then be *prima facie* proof of it. *Gilbert*, in his Law of Evidence, (p. 32.) expresses his opinion, that in an action of trespass, an indictment for the same trespass, and verdict thereupon, may be given in evidence, if the verdict is founded on other evidence besides the party's own oath. I entirely concur with *Phillips* (*Ev.* 237. 241.) and *Peake*, (*on Evid.* 3d ed. p. 41. 47.) that the conviction ought not to be received as evidence at all, where the party aggrieved, and who is a party in the civil suit, was a witness on the prosecution, for it would be impossible to say what influence his evidence had in inducing the verdict. It is, undoubtedly, a rule, that to give a verdict, and judgment thereon in evidence, it must be upon *the same point*, and between *the same parties* or privies. The reason why it must be between the same parties is, that otherwise a man would be bound by a decision in which he was not at liberty to cross-examine the witnesses ; and generally, the benefit of the rule is mutual ; and one who is not a party to the cause, and would not be bound by the verdict, if against him, cannot avail himself of it. One of the exceptions to the rule is, that where the matter in dispute is a question of public right, in that case, all persons standing in the same situation as the parties, are affected by it. It appears to me that a verdict on an indictment forms another exception, and upon the same principle. The public is the party aggrieved, the prosecution is carried on through their functionaries, and any individual may, when necessary, avail himself of a conviction. The plaintiff cannot complain of this, for he had an opportunity to cross-examine the wit-

nesses, to adduce his testimony, and to reverse the judgment, if erroneous.

I am, however, of the opinion, that the verdict was not conclusive ; that it was merely *prima facie* proof, and that the plaintiff ought to have been allowed to controvert the fact anew. Such a judgment would only be conclusive, when it came in question collaterally ; not when the issue was directly whether the plaintiff was guilty of the larceny or not.

The conviction not appearing to have been founded on the defendant's evidence, it rebuts all idea of malice on the part of the defendant, in speaking the words. Even had the plaintiff succeeded in showing that he did not steal the hens, the verdict must have been either for the defendant, or merely nominal damages would have been given. Under these circumstances, we think the ends of justice do not require a new trial.

New trial refused.