## Case No. 2,081.

### BUCK et al. v. HERMANCE.

[1 Blatchf. 322;[1] 11 Law Rep. 321; 1 Fish. Pat. Rep. 219; 6 West. Law J. 190; 1 Code Rep. 91.]

Circuit Court, N. D. New York. June, 1848.

WITNESS—COMPETENCY—INTEREST IN RESULT—EVIDENCE.

1. As a general rule, a party cannot be a witness in his own cause. Nor will he be permitted to avail himself, by indirect means, of evidence which would be rejected as incompetent if offered directly.

2. In cases of criminal prosecutions for a cheat, perjury, &c., the party aggrieved is a competent witness for the prosecution. But, when he has been used as a witness for the prosecution, the record of conviction is inadmissible in a civil proceeding instituted by him for relief against the fraud.

3. In an action for the infringement of a patent within the county of Albany, N. Y., brought by parties claiming the exclusive right to the patent in that county: Held, that a party who was possessed of the exclusive right to the patent in several counties in the state of New York, but who had no interest in the patent in the county of Albany, and no interest in the suit in which he was called, was a competent witness for the plaintiff.

[See Evans v. Eaton, 7 Wheat. (20 U. S.) 356; Foote v. Silsby, Case No. 4,920; Treadwell v. Bladen, Id. 14,154; Evans v. Hettick, Id. 4,562.]

4. But a verdict for the plaintiff could, under no circumstances, be evidence for such witness, in a trial at law or in equity on the merits of the patent, although it would be admissible on a motion for a provisional injunction in a suit in equity.

[Cited in Matthews v. Iron-Clad Manuf'g Co., 19 Fed. 322.]

5. The record of such verdict would be evidence for such witness only when his own deposition would be competent, that is, where the application is to the sound discretion of the court, as on a motion for a provisional injunction.

[Cited in Casey v. Cincinnati Typographical Union No. 3, 45 Fed. 147.]

At law. This was an action on the case, to recover damages for an alleged infringement by [John C. Hermance] the defendant of the rights of the plaintiffs under a patent granted to Darius Buck, one of the plaintiffs, for a cooking stove. The plaintiffs claimed the exclusive right to the patent for the county of Albany, N. Y., and the declaration averred that the defendant had made and sold, in that county, without license, stoves which were within the claim of Buck's patent, and infringed upon it. The action was tried at the June term, 1847, at Canandaigua, before CONKLING, J., and a verdict rendered for the defendant. On the trial, one Jackson was offered as a witness on the part of the plaintiffs. Being examined on his voir dire,

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

he testified that he was possessed of the exclusive right to the patent in several counties in the state of New-York, and felt a deep interest in sustaining it; that he had employed counsel in a suit in equity between the parties to this suit, for the purpose of obtaining an injunction against the defendant; but that he had no interest in the patent in the county of Albany, or in this suit. On this state of facts, the defendant objecting to the competency of the witness, he was excluded on the ground of interest. The plaintiffs excepted, and now moved for a new trial, on a bill of exceptions. [A bill of exceptions was made by the plaintiffs, and on the ground of the exclusion of Jackson, among other grounds, a motion for a new trial was made by them at the October term, 1847, at Albany, before a full bench, Mr. Justice NELSON and Judge CONKLING. The case was held over for advisement till this term.][2] [Motion granted.]

William H. Seward and Rodman L. Joice, for plaintiffs.
Samuel Stevens, for defendant.

NELSON, Circuit Justice. The objection to the witness Jackson went upon the assumption that a verdict for the plaintiffs would be evidence in favor of the witness, on a bill filed by him for an infringement of the patent in the counties in which he was interested, and would afford competent proof of the fact that its validity had been established by a suit at law, and, also, that the defendant's stove was an infringement, all which would lay the foundation for an injunction against the defendant, restraining him, and all persons claiming under him, from making or vending the article.

On examination, we are satisfied that this view of the question is not well founded. As a general rule, a party cannot be a witness in his own cause, nor will he be permitted to avail himself, by indirect means, of evidence which would be rejected as incompetent if offered directly. The inference, therefore, that would seem to follow, upon the admission of the witness in this particular case, is, that the verdict could not be evidence in his favor, as it would be virtually permitting a party to testify in his own cause. The argument assumes that the verdict would be evidence, which is against the general principle. Reject the verdict, and there is no objection to the competency of the witness. The question is, which shall be excluded, the verdict or the witness. We think the former.

In cases of criminal prosecutions for a cheat, perjury, &c., the party aggrieved is a competent witness for the prosecution. Some early cases may indeed be found in which he was excluded as interested, on the ground that the conviction might be used by him, in a proceeding in equity for relief against the fraud; but it is now fully settled otherwise,

the record of conviction being held inadmissible in the civil procedings, in all those cases where the party has been used as a witness on behalf of the prosecution. King v. Boston, 4 East, 572; Bartlett v. Pickersgill, Id. 577, note b; Peake, Ev. 45, 46, 153, 154; 1 Phil. Ev. (4th Am. Ed.) 50, 120; Rex v. Hulme, 7 Car. & P. 8; Maybee v. Avery, 18 Johns. 352.

The verdict in this case, even if in favor of the plaintiffs, could, under no circumstances, be evidence for the witness on a trial at law or in equity, for the purpose of establishing his title to the patent, in other words, on a trial upon the merits, as it is a proceeding inter alios. It is admissible only on a motion for a provisional injunction to stay the defendant from infringing pending the litigation, as affording strong evidence of the validity of the patent, and of the title of the plaintiff; not for the purpose of influencing the final result, but of preserving the rights of the parties in the meantime. In this preliminary proceeding the parties are not tied down to the strict rules of evidence, the object being to enable the court to exercise a sound discretion in granting or refusing the injunction. Hence the depositions of the parties are frequently read on the motion; also the record of any previous trial on the same patent. And, in this view, and for this purpose, it may well be that it is allowable, even though the party had himself been used as a witness. But when thus allowed as evidence, it is apparent that it is not used in the sense of the rule of law which would exclude a party as an interested witness on the ground that the record of the verdict would be evidence in his favor. It is evidence only in cases where his own deposition would be competent, cases in which the application is to the sound discretion of the court.

For these reasons we are satisfied that the witness Jackson was improperly rejected, and that a new trial must be granted.

NOTE [from 11 Law Rep. 321]. It is understood that Judge Conkling, who entertained and expressed doubts at nisi prius of the correctness of his decision there, as to the competency of the witness Jackson, fully concurred in the opinion of Judge Nelson. In the case of Woodworth v. Edwards [Case No. 18,014], tried in the circuit court of the United States for the district of Massachusetts, at Boston, in April, 1848, before Mr. Justice Woodbury, the plaintiff claiming that the defendants, in using Brown's patent planing machine, were infringing on Woodworth's patent planing machine, one Rogers was called as a witness by the defendants. The counsel for the plaintiff objected to the competency of Rogers, because he was a defendant in a suit, wherein the identical machine under consideration in the case on trial, was in litigation, and Judge Woodbury held that the objection was a good one. If that decision went upon the ground that a verdict for the defendants in the case on trial would be evidence for the witness thereafter, it would seem to conflict with the decision of Judge Nelson.

[NOTE. For report of the new trial herein, see Case No. 2,082. For other cases involving this patent, see note to Buck v. Gill, Case No. 2,080.]

[2] [From 11 Law Rep. 321.]