## LEONARD BROWN *v.* JOHN T. BROWN.

To an action, by the payee, upon two promissory notes, the maker—defendant—set up as a defence a former judgment in an action brought against the plaintiff by one Munson, as assignee of the defendant, to recover for moneys paid by the defendant for the use of the plaintiff after the notes became due, in which former suit the same two notes were set up as a defence, and given in evidence by way of set off, but were disallowed upon the evidence, and judgment rendered therein for Munson against this plaintiff, and it appeared on this trial, that the judgment in the former action was recovered in part upon the testimony of the defendant herein, who gave evidence to defeat the notes, when thus offered as a set off, and to prove that they were not valid. *Held*, that such former judgment is no bar to the plaintiff's recovery against the defendant, upon the same notes in this action.

Brown *v.* Brown.

In an action in the Marine Court, if a party shows, by a proper affidavit, that one of the judges of that court is a material witness for him, the cause should be tried by one of the other judges.

APPEAL by the defendant from a judgment recovered against him by the plaintiff, in the Marine Court. The facts are stated fully in the opinion.

*James McGay,* for the appellant, cited 4 Wend. 483; 5 Id. 245; 8 Id. 109; 3 Johns. 428; 6 Id. 268; 8 Id. 453; 9 Id. 232; 11 Id. 530; 12 Id. 374; 13 Id. 187; 14 Id. 377; 16 Id. 136; 1 Johns. Cases, 492; 2 Cow. Treat. 167, 172.

*Wm. W. Niles,* for the respondent.

BY THE COURT. WOODRUFF, J.—When this cause was called for trial in the court below, the defendant's counsel presented an affidavit showing that the judge by whom the cause was called was a material witness, without whose testimony the defendant could not safely proceed to trial, and moved that the trial be stayed, to the end that the same might be tried before the other judge of the court, then present in court, but—as the return states—then temporarily engaged in trying another cause. The motion was denied by the judge, on the ground—as the return states, and as the judge then stated—that "he could give no evidence of any thing except what appeared on his minutes."

In *Hopkins* v. *Cabray,* 24 Wend. 264, the justice gave a similar reason for refusing to discontinue a suit, and his judgment was reversed. The statute under which that decision was made does not apply to the Marine Court, but we, nevertheless, think that, there being two judges of the Marine Court, before either of whom the cause might be tried, it was the duty of the judge to yield to the application. (*a*)    The

(*a*) NOTE BY REPORTER.—The Marine Court, since the trial of this cause, has been provided by law with an additional judge, making three in all.

right of the defendant to have the evidence of the judge ought not to be defeated, unless the constitution of the court made such a result unavoidable.

But in this particular case it does not follow that the judgment must be reversed. The defendant accepted the offer of the plaintiff to allow the minutes of the former trial to be read in evidence from the judge's memorandum thereof. He entered no exception to the denial of the motion, but rather appears, by the return, to have acquiesced therein, and he, himself, gave the minutes of the former trial in evidence.

We do not, however, think that the appeal herein should be disposed of upon either of these grounds; and still less upon the ground stated by the court below in the reasons given for the judgment, to wit, that " the notes now in suit were not considered as a set off in the former case, because the plaintiff's claim was not allowed so as to admit of a set off, and that the recovery in the former case was for separate and distinct matter."

The present is an action against the defendant as the maker of two promissory notes, payable to the plaintiff, both of which became due on or before the 13th March, 1852.

The former judgment—relied upon as a defence—was in an action brought by one Munson, against the plaintiff, to recover for moneys paid by the present defendant for the use of the plaintiff, in August, 1852, the claim for which the defendant had assigned to Munson. The present plaintiff set up the notes now in question as a set off. They were proved, received in evidence, and much testimony was given upon the question whether they were valid claims against this defendant, or whether they were mere accommodation notes, made by this defendant without consideration, for the use and convenience of the payee therein—this plaintiff. The present defendant was examined as a witness to prove their invalidity. If they were valid notes, they constituted a complete defence to the whole extent of the debt proved by Munson to have been assigned to him. (§ 32, subdiv. 8, and § 36, 2 Rev. Stat. 354, 5; Code, § 312.) Both debts were

due at the time of the alleged assignment to Munson, and both were of a nature which made them the proper subject of set off. The judge on the former trial could, therefore, not avoid passing upon the question whether these notes were valid or not. There was no ground disclosed by the evidence appearing by his minutes of the trial, upon which he could reject the set off and give judgment for the then plaintiff—Munson—but the finding on the evidence that these notes were not due by the present defendant to the present plaintiff—then defendant. It was his legal duty to pass upon these notes—set up as a defence in the answer, admissible as such, and made a part of the issue—produced and proved on the trial. He must have done so. He rejected them as a set off, and gave judgment for the plaintiff, Munson.

The judgment below must, however, be sustained upon a totally distinct ground.

Let it be assumed that the former judgment was rendered upon the very question now in issue: *i. e.,* Whether the notes now sued upon were valid notes in the hands of this plaintiff, against this defendant; and that the judge, if he had postponed the trial, and been examined as a witness, would have established this fact unequivocally. Such a judgment did not conclude the plaintiff in this action.

1st. Because that judgment was not between the same parties.

2d. Because that judgment, had it been rendered in favor of the present plaintiff, could not have been used by him to establish his claim against this defendant, upon the notes— *i. e.,* for the excess over the amount set off.

3d. Because that judgment was obtained by Munson, upon the testimony of this defendant himself, whose testimony was the principal evidence to defeat the set off. The defendant cannot be permitted, by his own evidence, to defeat the notes when urged as a set off in another suit, to which he is not a party, and then use that judgment in his own favor. (*Maybee* v. *Avery,* 18 Johns. 352.)

The cases cited by the appellant are not in conflict with these views.

The errors of the court below did not, therefore, prejudice the defendant, since the plaintiff was plainly entitled to judgment. The judgment must be affirmed, with costs.

Judgment affirmed.