### MATTHEWS *v.* IRON CLAD MANUF'G CO.

*(Circuit Court, S. D. New York. February 8, 1884.)*

PATENTS FOR INVENTIONS—EVIDENCE—JUDGMENT—STRANGERS TO THE SUIT.
  A decree obtained by the plaintiff in an action to recover for the infringement of his patent cannot be introduced in an action against a stranger to the former suit for the purpose of proving acquiesence in the plaintiff's use of the patent.

In Equity.
*Briesen & Steele,* for complainant.
*Betts, Atterbury & Betts,* for defendant.

WALLACE, J. The defendant moves to expunge from the proofs certain decrees introduced by the complainant, obtained in actions in which he was complainant, adjudicating the validity of the patent upon which the present suit is brought. These decrees were obtained in suits against infringers to which the present defendant was not a party, or privy. The evidence was introduced against the defendant's objection, and is now insisted on as tending to show acquiescence in the rights of the plaintiff under his patent. If it were necessary for the complainant to show that he had asserted his rights

under the patent, before the present suit, doubtless the records would be evidence that he had brought suits and prosecuted them to final judgment. They are not competent, however, as admissions of third persons, because the defendant cannot be prejudiced by such admissions. The effect of such decrees is considered by Mr. Justice NELSON in *Buck* v. *Hermance*, 1 Blatchf. 322, where he held that, although admissible upon motions for a provisional injunction in which the ordinary rules of evidence do not obtain, they are proceedings *inter alios,* and therefore not competent on a trial upon the merits.

The motion is granted.