NEW-YORK,
Nov. 1809.

LINSLEY *against* KEYS and WILLIAMS.

LINSLEY
v.
KEYS and
WILLIAMS.

THIS was an action of trespass *quare domum fregit*, &c. The defendant pleaded the general issue, and subjoined a notice of special matter, to be given in evidence at the trial, as follows : That before the time of committing the supposed trespass, to wit, &c. *Isaac Terry*, esq. a justice of the peace, &c. at the request of *Joseph Williams*, &c. pursuant to the act, &c. issued his *warrant*, under his hand, directed to any constable of the town of *Sangersfield*, commanding him, in the name of the people, to apprehend *Elijah Linsley*, (the plaintiff in this suit) and personally to bring him before the said justice, to answer to the said *Williams*, in a plea of *trespass*, to his damage 25 dollars ; and on the, &c. the said justice, by an indorsement on the back of the same warrant, deputed the defendant, *Keys*, to serve the said warrant, who voluntarily undertook to execute the same ; and the justice delivered the warrant to *Keys* to be executed, &c. by virtue of which warrant and the deputation thereon indorsed, &c. the said *Keys*, afterwards, to wit, on, &c. arrested the plaintiff, *Linsley*, who thereupon immediately rescued himself, and escaped from the custody of the said *Keys ;* who afterwards, to wit, on, &c. at, &c. required and commanded the defendant, *Williams*, to assist him, the said *Keys*, in retaking the plaintiff; and the said defendant, *Williams*, in obedience to such request and command of the said *Keys*, acting, &c. went with the said *Keys*, to the dwelling-house of the plaintiff, and entered the same, the outward door of the said house being then open, for the purpose of retaking the plaintiff, by virtue of the warrant, &c. as they might lawfully do, and in searching the said house for the purpose of taking the said *Linsley*, the said *Keys* gently laid his hand

In an action of trespass, *quare domum fregit*, &c. The defendant pleaded the general issue, and gave notice of a justification, that having a *warrant* issued by *A. B.* a justice of the peace, &c. against *C. D.* at the suit of *E.* and being duly deputed to execute the *warrant*, he entered &c. This was held to be a sufficient notice to entitle the defendant to give the warrant in evidence, at the trial; and that it was not necessary to state in the notice, the cause of action, for which the warrant issued; where the defendant pleads a justification under *mesne* process, without setting forth the cause of action, the plea is good.

upon an inner door of the said house, and gently and with as little force, and noise and violence, as possible, opened the said inner door, which is the same trespass complained of, &c. The notice also stated, that the defendant, *Keys*, having a *warrant* issued by the said justice, in favour of the defendant, *Williams*, against the plaintiff, and being duly deputed to execute the said warrant, repaired to the dwelling-house of the plaintiff, for the purpose of arresting the plaintiff, by virtue of the warrant; and that the defendant, *Williams*, accompanied the defendant, *Keys*, as the creditor of the plaintiff, for the purpose of settling his demand against the plaintiff, on which the warrant had been issued ; and that the defendants entered the plaintiff's house by his leave and permission, and having so entered, the said *Keys*, in searching for the plaintiff, gently laid his hand on the inner door, &c.

At the trial, the plaintiff proved the trespass, and offered in evidence, pursuant to the above notice, a warrant issued by *Isaac Terry*, a justice of the peace, &c. against the plaintiff, directed to any constable of the town of *Sangersfield*, commanding him forthwith to apprehend the said *Elijah*, and to bring him before the said justice, to answer to the said *Joseph Williams*, in a plea of *trespass on the case*, to his damage, twenty-five dollars ; which evidence was objected to, and overruled by the judge, and a verdict, according to his direction, was found for the plaintiff.

A motion was made for a new trial, for the misdirection of the judge.

*Kirkland*, for the defendants.

*N. Williams*, for the plaintiff.

*Per Curiam.* The warrant under which the defendant offered to justify, was sufficiently set forth in the last branch of the notice, to entitle the defendants to offer it in evidence. It was not requisite to have stated in the notice, the cause of action, for which the warrant was issued. In *Belk* v. *Broadbent* and *wife*, (3 *Term Rep.* 183.) the cause of action was not set forth, in a special plea of justification, under mesne process, and yet the plea was held good. The verdict must, therefore, be set aside, and a new trial granted, with costs to abide the event.

Rule granted.