### Holton *against* Button and others.

In an action of ejectment, evidence of usury in the consideration of a mortgage deed, by virtue of which the plaintiff claimed title, was held to be admissible, as a defence, under the general issue, *without notice.*
A general notice of usury, without stating therein the facts relied on, in a case in which notice is necessary, is insufficient.

This was an action of ejectment, tried at *Tolland, April* term, 1822, before *Peters,* J.

The plaintiff claimed title, by virtue of a mortgage deed, executed on the 19th of *December*, 1814, as security for the payment of four promissory notes, amounting to 4000 dollars. The execution of this deed was admitted; and it was also admitted, that the defendants were in possession of the demanded premises as purchasers under the mortgagor. The defendants pleaded the general issue, and at the same time, filed the following notice: " The plaintiff in this case will please to take notice, that the defendants will give in evidence, under the general issue, that there is secured to the plaintiff in and by the mortgage deed, and in and by the contract on which said deed is predicated, said deed being the only title by which the plaintiff claims to recover, by a corrupt and usurious agreement, more than lawful interest for the loan and forbearance of said sum of 4000 dollars mentioned in said four notes on which said mortgage deed is predicated, to wit, more than at the rate of six dollars for the loan and forbearance of one hundred dollars a year." Under this notice the defendants offered evidence to prove, that a sum of money more than at the rate of six *per cent. per annum, viz.* twelve *per cent.* was secured in and by the notes mentioned in the mortgage deed, upon a corrupt and usurious agreement, made at the time of giving such notes; and claimed, that the deed was, therefore, void. To the admission of any evidence of usury the plaintiff objected, on the ground that no such evidence could be adduced, without notice; and that the notice filed in this case did not sufficiently apprize the plaintiff of the nature of the defence to be made. The judge sustained the objection, and rejected the evidence offered; and the jury, under his direction, found a verdict for the plaintiff. The defendants thereupon moved for a new trial, on the ground that such evidence ought to have been received.

*Goddard* and *C. Willey*, in support of the motion, contended, 1. That in this action no notice was necessary. In ejectment, the declaration is general; and the defendant is never apprized of the title upon which the plaintiff relies. It is therefore, impracticable for the defendant to meet the plaintiff's claim, by a special plea; and it is never required. By the rules of the common law, every matter of defence to an action of ejectment, may be given in evidence under the general issue. The case, then, is not within the rule 3 *Day,*

*Tolland,*
July,
1822.

Holton
*v*
Button.

Tolland,
July,
1822.

Holton
v.
Button.

278. requiring notice ; nor within the proviso of the statute, *p.* 43. *s.* 30. ; but it is within its positive enactments.

2. That the notice given was sufficient, within the rule of the court, and the proviso of the statute ; the defendants having stated therein " the ground of their defence." This was sufficient to prevent surprise upon the plaintiff. To require the notice to be as particular as a special plea, would destroy the beneficial effect of the statute ; there being as much difficulty in one case as in the other.

*T. S. Williams* and *A. Willey*, contra, contended, 1. That notice was necessary : first, because by the rules of the common law, this defence must be pleaded specially ; the plaintiff's title being founded on a *deed*. Lord *Bernard* v. *Saul*, 1 *Stra.* 498. *Thompson* v. *Leach*, 2 *Salk.* 675. *Esp. Dig.* 223. Secondly, because this action is " founded upon an express contract," and " the defence proceeds upon the ground of the existence in fact of the contract between the parties, but attempts to avoid the effect of it, by matter arising at the time of entering into the contract, or subsequent thereto." See the rule 3 *Day* 278. The contract, though not set forth in the declaration, is nevertheless, the foundation of the action ; and the validity of that contract, is the sole question to be tried. In an action on the notes, the necessity of notice would be conceded. The reasons of the rule— the evils intended to be guarded against—equally require notice, when the action is brought on the deed. The case is within both the letter and spirit of the second branch of the rule.

2. That if notice was necessary, the notice given was not sufficient. Though it might apprize the plaintiff of the *nature* of the defence, it did not disclose the *ground*. It stated no facts ; it did not shew in what the usury consisted. The object of the rule requires, that the facts should be stated as fully as in a special plea ; but the technical nicety of special pleading is dispensed with.

Hosmer, Ch. J. Whether usury to invalidate the plaintiff's title, founded on a mortgage, may be proved by the defendant, without his having given notice, at the time of plea pleaded, is the question for determination.

The rule established by the supreme court of errors, 3 *Day* 278. is applicable to cases of two distinct classes. The

last provision relates to actions "founded on express contract," within which description it is too clear, to admit of controversy, that the plaintiff's action, founded on a *tort*, cannot be embraced. By the other branch of the rule, notice is to be given, "where the defendant pleads the general issue, and intends to rely upon a defence, which, by the rules of the common law, ought to have been spread on the record, by special pleadings."

*Tolland,*
*July,*
1822.

Holton
*v.*,
Button.

It devolves on the plaintiff to show, that by the rules of the common law, usury, in an action of disseisin, founded on a title by mortgage, must be specially pleaded. No case nor even *dictum* to this effect has been produced, or is producible. The defendant may always controvert the truth of any averment in the plaintiff's declaration, by the adduction of testimony ; and to this end, he may show directly, that the plaintiff's supposed title is defective, or that the property is in another person, or even in himself. *Dodd* v. *Kyffin,* 7 *Term Rep.* 350. *Argent* v. *Durrant,* 8 *Term Rep.* 403. If the plaintiff could establish the proposition, that usury may never be given in evidence under the general issue, he would maintain his present objection ; but the position is not maintainable. In an action on simple contract, under the general issue, evidence of usury is unquestionably admissible. 1 *Chitt. Plead.* 470. Lord *Bernard* v. *Saul,* 1 *Strange* 498. In this case, the defendant has information on the record, that the plaintiff claims title ; and were it deemed necessary, there would be no difficulty in his complying with a rule requiring notice of his defence. But, how can the defendant be deemed cognisant of the plaintiff's title, until it appears in evidence ? It is not specified ; nor can the defendant, by plea, bind the plaintiff down to a title, which he may think proper to display. There is no mode in which the benefit of a defence, on the ground of usury, can be had, except by the adduction of testimony, to invalidate the title on which the plaintiff shall found himself at the trial.

The notice given, in this case, was altogether insufficient, from its generality ; being such in form, and not in fact. But, as there was no obligation to give notice, the testimony should have been admitted.

The other Judges were of the same opinion.

New trial to be granted.