CHARLES MERRILL *vs.* WILLIAM L. EVERETT AND ANOTHER.

The statute relating to notice under the general issue is remedial, and must be liberally construed.

The question in all cases is one of *sufficiency* in order to let in the evidence offered, and the rules relating to variance are not applicable.

It is sufficient if the notice fairly apprize the plaintiff of the true ground and substance of the defence, and matters of mere form need not be stated.

The relation of the parties to the subject matter of it may be considered in determining its sufficiency.

The defendant may give in evidence the matter actually stated, and if the plaintiff is not satisfied with the notice he may apply to the court to have it made more specific.

A summary of legislation and decisions on the subject

In general assumpsit for lumber sold and delivered, the defendants pleaded the general issue, with notice that they should offer evidence to prove that the plaintiff made a contract with them to deliver to them, as demand should be made therefor, a certain quantity of lath at a certain price, that he did deliver a portion of the lath, but refused to deliver the balance, and, lath having risen in value, that they were damaged by the non-delivery in a sum greater than the amount due the plaintiff for lumber, which damage they should claim to set off and recoup.

Under the notice the defendants offered evidence to prove that the plaintiff made a contract with them to deliver to them, as demand should be made therefor *during the next coming season of navigation,* 500,000 feet of lath at one dollar and a half per 1,000 feet, *and* 500,000 *feet of lumber* of certain specified qualities and prices, *all to be paid for by defendants on delivery*; that the plaintiff from time to time delivered a portion of. the lath and refused to deliver the balance, and that, in consequence of such refusal, the defendants had suffered damage to. an amount exceeding the plaintiff's claim.

Held that the evidence was inadmissible under the general issue. but was admissible under the notice.

GENERAL ASSUMPSIT; brought to the Court of Common Pleas in New Haven County, and tried to the court on the general issue with notice. The court found the facts, and rendered judgment for the defendants, and the plaintiff moved for a new trial.

The case is sufficiently stated in the opinion.

*S. E. Baldwin,* in support of the motion, cited *Brickett* v. *Davis,* 21 Pick., 406 ; *Lawrence* v. *Knies,* 10 Johns., 140 ; *Shepard* v. *Merrill,* 13 id., 475 ; *Holton* v. *Button,* 4 Conn., 437, 439 ; 1 Saund. Pl. & Ev., 115 ; 1 Greenl. Ev., § 68 ; *Russell* v. *South Britain Society,* 9 Conn., 521 ; *Andrew* v. *Williams,* 11 id., 331 ; *Kellogg* v. *Denslow,* 14 id., 425, 426 ; *Maine* v. *Bailey,* 15 id., 301.

*H. B. Harrison,* contra, cited 2 Parsons Cont., 246, 247 ; *Avery* v. *Brown,* 31 Conn., 398, 401, 402 ; *Kinne* v. *Town of New Haven,* 32 id., 214 ; Sedgwick on Damages, 260 ; 1 Chitty Pl., 478 ; 1 Swift Dig., 705 ; 2 Greenl. Ev., § .104.

BUTLER, C. J. The plaintiff seeks to recover, in this action of indebitatus assumpsit, the price of certain lumber furnished the defendants and described in his bill of particulars.

The defendants pleaded the general issue, with notice that they should offer evidence to prove that the plaintiff made a contract with them to deliver them a certain quantity of lath at a certain price, that he did deliver a portion of the lath, that he refused to deliver the balance, and, lath having risen in value, that they were damaged by the non-delivery in a sum greater than the amount due the plaintiff for lumber, which

damage they should claim to set off and recoup. On the trial, and under their notice, the defendants offered to prove the contract set up in their notice, but it appeared that the contract which they offered to prove was variant from that alleged, in the following particulars : First, it was not a distinct and independent contract for the delivery of lath merely, but was a contract for the delivery of a large quantity, to wit, 500,000 feet of lumber, of certain specified qualities and prices, as well as the 500,000 feet of lath set up in the notice, and that the contract was in writing and entire. Second, the notice described a contract to deliver lath as demand should be made therefor, while the contract offered to be proved was for the delivery of lath " *during the coming season of navigation*," as demand should be made therefor. Third, the contract alleged contained no provision respecting the time or manner of payment, but the contract offered to be proved provided that the defendants should pay for said merchandize " *as delivered*."

It is obvious that the defendants set out in their notice a part only of an entire contract, and set out that part imperfectly. They did not set up the substance of the whole contract, nor set out perfectly that part of the contract on which they relied.

The plaintiff objected to the admission of the evidence on the ground of *variance*. The court admitted it, and the question is whether the variances, or either of them, were such that the court should have excluded the evidence.

It is claimed in the first place that the evidence was admissible under the general issue, and that no notice was necessary; if this claim is correct the questions of variance are immaterial. Is it then correct ?

The defendants offered the evidence " in avoidance." They did not offer it for the purpose of disproving the claim of the plaintiff that he had furnished and delivered the lumber and at the prices named in his bill of particulars, and had not been paid for it, nor in fact to disprove any allegation in the plaintiff's declaration, nor any fact that it was incumbent on him to prove, but to prove the failure of the plaintiff to fulfil a part of the contract under which the lumber was furnished,

and for the purpose of satisfying, so to speak, the plaintiff's demand by way of recoupment, with the damages the defendants had suffered by the non-fulfilment of that part of the contract which related to the lath. It may be true that such a right in effect and as far as it goes, though not technically a set-off, might be given in evidence under the general issue in this form of action, under the loose practice which formerly prevailed, but we know of no precedent of that character. But, however that may be, under our statute of 1848 which expressly requires notice to be given of "matter in avoidance," and the construction given it in several recent cases, the evidence was not admissible under the general issue. *Mahaiwe Bank* v. *Douglass,* 31 Conn., 170; *Hoxie* v. *Home Ins. Co.,* 32 id., 21.

The principal question then, and the one as we shall see on which the case must turn, may be resolved into this : May a defendant in his notice set out so much of the substance of an entire written contract as he purposes to use in his defence, alleging a breach of it and consequent damage, and recoup that damage against the valid claim of the plaintiff under another branch of the contract, or must he set out the entire contract ? It is obvious that he could not bring the suit for damages for a breach of that part of the contract alone, omitting to describe it as a part of a contract, and to set out in substance or legal effect the entire contract; nor could he have given the contract in evidence, or any part of it, if he had set it up in part only, and as a distinct agreement in a plea in bar. Recoupment is in the nature of a cross action. 2 Comstock, 283. Is there anything in our statutes which will authorize it to be done in a notice ?

The defendants raised the questions in the court below, and treat them here as questions of *variance.* Some of the earlier cases cited from New York and Massachusetts countenance this view of the matter. But the later and better view in those states and our own is that the question is one of *sufficiency*—i. e., whether the defendants by the notice have *sufficiently apprized* the plaintiff of the ground and substance of the defence which they purpose and offer to prove.

The defendants cite and rely upon the decisions of New York and Massachusetts as well as our own, and as the first and principal question seems at first blush a close one, it may aid us to trace the history of such notices there, as well as here.

Such notices are not known to the common law. They have been rendered necessary by an extension of the scope of the general issue, and introduced by statute or rule of court. In the state of New York, by act of March 30th, 1801, defendants in any action, in any court of record, were authorized to give in evidence under the general issue any special matter which if pleaded would be a bar to the action, "giving notice with the said plea of the matter or several matters so intended to be given in evidence." In 1809 a question was made relative to the construction of such a notice (5 Johns., 123) ; but the court held that the notice would have been sufficient if a plea in bar, leaving it to be implied that the same matter must be averred in the one case as in the other. The question came up again in 1811, and was again disposed of by holding that the allegations would have been sufficient in a plea. But in that case the court added that the principles which made the allegations sufficient in a plea, applied "with still greater force to the case of a notice, which has never been regarded with the same criticism and nicety as a special plea." In 1813 and in the case of *Lawrence* v. *Knies*, 10 Johns., 140, the Supreme Court held a failure to describe a contract correctly in a notice fatal, saying: " the notice, undertook to set forth specially the usurious contract. It was a substitute for a plea of usury, and in a notice as well as in a plea, the contract must be correctly and truly stated and proved as laid." That case, if law, and unaffected by our statute, would sustain the claims of the defendants. So in 1816, 13 Johns., 475, it was held that " a notice must apprize the party of every material fact intended to be given in evidence," and it was added that " a notice need not partake of the form or strict technicality of a special plea, but it must contain the substance of a plea"—"in order that what was intended for the ease and accommodation of one party, should

not operate injuriously and as a surprise on the other." It was afterwards held, 14 Johns., 89, that immaterial variances would be overlooked, and in *Chamberlain* v. *Gorham*, 20 Johns., 144, (which was a case and the first one in the Court of Errors,) the cases hereinbefore named were disapproved, and it was held that " a notice must be deemed sufficient if it is so certain that the plaintiff is not taken by surprise." Later, in the case of *Edwards* v. *Clemons*, 24 Wendell, 480, it was holden that " a notice is good if it fairly apprize the plaintiff of the material facts on which the defendant means to insist." In that case a variance as to the time of payment, which was *not prejudicial to the plaintiff*, was holden to have been properly disregarded. Still later, in the case of *Fuller* v. *Rood*, 3 Hill, 258, it was holden that such a notice was allowed to avoid the niceties of special pleading, that the statute was remedial and should be liberally construed, that in such a notice technical language and matters of mere form, such as time and place, might be wholly disregarded, and that as to substance it need not contain all the particulars of a special plea, and the court would look at the condition of the party and hold the notice sufficient if it fairly put the plaintiff in possession of the means of ascertaining the *details* of the defence though they be *not stated*. That was a very liberal construction certainly. So the law stood until the adoption of the code. These decisions and dicta if adopted here would fully justify the action of the court below, independent of the statute of 1848. They show very clearly that the second and third objections of the plaintiff ought not to be sustained, and they may be dropped from the inquiry.

In Massachusetts the general issue was extended and a "brief statement" of special matter of defence authorized in actions against public officers as early as 1792. Subsequently a like provision was made in several special proceedings, and in 1836 special pleadings were abolished, and "specifications of defence" were introduced with the general issue by rule of court. By the rule of 1837 defendants were required "to file a statement in writing of any specific or substantive matter of discharge or avoidance which he proposes or intends to

give in evidence on the trial." The case of *Bricket* v. *Davis* relied upon by the defendants was decided in 1838 under that rule. The action was slander, and the defendant not having filed a specification of defence at the time he pleaded the general issue, as required by the rule, moved for liberty to file it afterwards, but it was refused. The Supreme Court held that the refusal was proper because the proposed filing was too late, and also on the ground that the specification did not allege the material, substantive fact that the words were true, but merely set up facts tending to prove their truth, and citing the analogous case, in that respect, of *Shepard* v. *Merrill*, 13 Johns., 476, and expressed their approbation of the rule of that case in respect to the sufficiency of a notice. We have seen that the rule of *Shepard* v. *Merrill*, has been greatly relaxed and modified by later decisions in New York, and it is fairly inferable from later decisions in Massachusetts that the rule would have been as much relaxed there if the system had been continued. Thus in 1848 in the case of *Robinson* v. *Wadsworth*, 8 Met., 67, a specification of defence was viewed as analagous to a bill of particulars, and it was holden that if bad for generality it should be objected to before trial, and the court would order it to be amended—that if not objected to it could not be treated as a nullity at the trial, but that the party who filed it might give in evidence the *particulars* of that which is therein *stated generally*. But the system was changed in 1852 by a practice act, and an "*answer*" substituted for plea and specification, and there has been no opportunity for later decisions there upon the point. The principles adopted in the case last named, however, are broad and liberal enough to sustain the ruling of the court below in this case.

In this state the scope of the general issue was extended as early as 1720, by a statute which was amended in 1731, and digested in 1750. Those statutes authorized title and all matters of defence and justification to be given in evidence under the general issue, "excepting only a discharge, an accord, or some other special matter whereby the defendant, by the act of the plaintiff, was saved or acquitted from the plain-

tiff's demand in the declaration. But those statutes did not require any notice, and none was in use in this state until 1803. In that year a rule was made by the Supreme Court, to the effect that where the general issue was pleaded, and the defendant intended to rely on a defence which by the rules of the common law ought to have been pleaded specially, or a defence proceeding upon the ground of the existence in fact of the contract between the parties, but to avoid the effect of it by matter arising at the time of entering into the contract, or subsequent thereto, notice should be given in writing at the time of pleading, from which the defendant should not be at liberty to depart. The rule was one of limitation, requiring a notice to be filed to prevent surprise by matters of defence or justification then admissible under the general issue by force of the statute, and was not intended to authorize the defendant to give the matters excepted in the statute in evidence, unless specially pleaded. That the court had no power to do.

In the revision of 1821 the statute was reënacted without change in phraseology, and the substance of the rule of the court adopted in 1808 added to it by way of proviso, leaving the excepted matters to be pleaded specially. Under that revision and in 1822 the case of *Holton* v. *Button*, 4 Conn., 436, cited by the plaintiff, was decided. In that case the defendant, in an action of ejectment brought by a mortgagee, filed a notice of usury, which set forth simply that there was by a corrupt and usurious agreement more than lawful interest secured by the deed, without stating by whom the agreement was made, or any particulars whatever in regard to it. The court thought the notice too general, but the decision turned on another point.

In 1848 the statute was extended so as to permit all matters of defence to be given in evidence under the general issue, and the phraseology of the proviso changed so as to require notice of all "matter in avoidance," and of "any defence consistent with the truth of the material allegations in the declaration," such notice to be filed in writing, "stating *in general terms*, without *unnecessary prolixity*, and in a manner

intelligible to a person of ordinary understanding, the *true ground and substance* of the defence relied upon."

The expression "*in general terms*," concisely, comprehensively, and the expression, "without unnecessary prolixity," i. e. *unnecessary* minuteness of detail, is unmeaning, for that is equally a fault in a special plea, although not demurrable in either; and the expression "intelligible to a person of ordinary understanding" evidently refers to the kind of language, and was doubtless intended to prevent the use of technical phrases. Neither of them is of importance in this inquiry. They all refer to the manner of stating the defence, and do not excuse an omission of *substance*. The question here is not whether there is unnecessary particularity or minuteness of detail, or the use of technical phrases, but whether there is such an omission of a part of an entire contract in the description of it, as renders the notice insufficient, and should exclude proof of that which is stated. In relation to this we must look to the last clause of the proviso, and see whether the " true ground and substance of the defence" is stated.

The " true ground and substance of the defence" relied upon is loss or damage by a breach of contract, which the defendants have a legal right to recoup. The words " set off" are used but are surplusage. In order to show such loss or damage, the defendant must allege and prove the contract, the breach, and the amount of damage. They do in their notice allege a contract, a breach of it, and damage to a greater amount than the plaintiff's demand. And if the contract was as stated the notice would be sufficient as a notice of set off, for although the damages were unliquidated, they were determinable by the market value of the lath, and a proper subject of set off. *Bulkeley* v. *Welch*, 31 Conn., 339. But the defendants also claimed to recoup the damages. The right to recoup arises where the action is upon the contract, or some obligation arising out of it, and there has been a breach of some divisible part of it, or of such obligation. The case as alleged was a case for set off; the case as proved was a case for recoupment, but we do not regard these matters as material, inasmuch as it is universally holden that the technicality applicable to a special plea should

not be applied to a notice. Nor can we adopt the view of the plaintiff that, because set off and recoupment are in the nature of a cross action, therefore the same particularity is necessary as in a declaration, and as a consequence that the law of variance may be applied as to a declaration or plea, for the same universal rule in relation to the application of the technical rules of pleading to notices forbids it.

Looking then to the current of decisions in adjoining states, and the progress of legislation and professional sentiment in this, we must hold that the statute is remedial, and must be liberally construed; that the question in all cases in relation to a notice is one or *sufficiency* in order to let in the evidence offered, and the rules in relation to variance cannot be applied to it; that it must state the ground and substance of the defence but need not state matters of mere form; that it is sufficient if it fairly apprize the plaintiff of the true ground and substance of the defence; that the relation of the parties to the subject matter of it may be considered in determining its sufficiency; that it cannot be treated as a nullity by reason of any omission, and the defendant can give in evidence the matter actually stated; and that the plaintiff, if not satisfied with it, may apply to the court to have it made more specific.

These rules of construction and practice are sufficient to sustain the action of the court below. The notice is informal and imperfect in relation to the times of delivery and payment, but those omissions did not prejudice the plaintiff. The notice contained a description, otherwise sufficient, of a divisible part of the contract, the breach of it, and the amount of damage, and those the defendants were entitled to prove. The plaintiff could not have been misled by the notice, or surprised or prejudiced by the proof, for he was a party to the contract, and his suit was in effect for a breach of another part of it by the defendants.

A new trial must therefore be denied.

In this opinion the other judges concurred.