Guile *v.* Brown.

38	237
66	438
38	237
69	131
38	237
75	226

ALFRED C. GUILE *vs.* PALMER A. BROWN.

In indebitatus assumpsit the effect of a bill of particulars is practically to amend the declaration by limiting the range of proof to the items named in the bill. It is equivalent in substance to striking out of the declaration all the other forms of indebtedness, and leaving only those counts to which the bill of particulars is applicable.

Therefore, where the declaration contained six counts, in each of which the amount of indebtedness was alleged to be fourteen dollars, and the damages claimed in the *ad damnum* were twenty-five dollars, and the bill of particulars filed contained a single item for work and labor amounting to $14.12, it was held that the case was within both the letter and spirit of the act of 1868, which provides that in all actions, except in summary process, brought before a justice of the peace, an appeal shall be allowed where the matter in demand exceeds the sum of fifteen dollars, and was not appealable.

Held also that that act was not unconstitutional as infringing on the right of trial by jury.

GENERAL ASSUMPSIT, brought to a justice of the peace for New London county. The declaration contained six common

counts in each of which the amount of indebtedness was alleged to be fourteen dollars, and concluded with demanding twenty-five dollars damages. On the trial before the justice the plaintiff filed the following bill of particulars:

To sawing seven thousand hemlock shingles,

| | |
|---|---:|
| at one dollar five cents per thousand, | $10.50 |
| Interest, - - - - - - - - - | 3.62 |
| | $14.12 |

The justice rendered judgment for the plaintiff to recover fourteen dollars twelve cents damages, and the defendant appealed to the Court of Common Pleas, where, on motion of the plaintiff, the case was erased from the docket for want of jurisdiction. The defendant brought the record before this court by motion in error.

*Bolles* and *Thresher*, with whom was *Wait*, for the plaintiff, in error.

The case was not within the final jurisdiction of the justice. The statute provides that in all actions, except in summary process, brought before a justice of the peace, where the matter in demand, if the action be tried to the court, shall exceed the sum of fifteen dollars, an appeal shall be had and allowed from the final judgment rendered therein. Acts of 1868, chap. 99, sec. 2. The "matter in demand," which determines the jurisdiction of the court, is the demand stated in the declaration, and not the claim made and proved by the plaintiff on the trial. *Town of Newtown* v. *Town of Danbury*, 3 Conn., 553; *Miles* v. *Troop*, 1 Root, 148; *Lord* v. *Parmela*, id., 158; *Butler* v. *Brace*, id., 302; *Hapgood* v. *Doherty*, 8 Gray, 373; *Ladd* v. *Kimball*, 12 id., 139; *Ashuelot Bank* v. *Pearson*, 14 id., 521. The declaration contains but one count, though made up of six items or particulars, alleges but one promise and one breach, and states the damage to be twenty-five dollars. The plaintiff was at liberty to introduce evidence in support of each item of his declaration, and recover to the full amount of the *ad damnum*, and the record does not show but that he

did claim to recover upon each item. *Main* v. *First School District of Preston*, 18 Conn., 214; *Vila* v. *Weston*, 33 id., 47; *Bishop* v. *Perkins*, 19 id., 309. The bill of particulars has reference to but one of the six items going to make up the plaintiff's declaration, and was an amendment or amplification of that item only to which it is applicable. And in any event it is nothing more than the " claim made and proved by the plaintiff on the trial," which this court, in the case of *Newtown* v. *Danbury* above cited, has said does not determine the jurisdiction of the court.

The act of 1868, chapter 99, sec. 2, conferring final jurisdiction upon a justice of the peace in actions where the matter in demand does not exceed the sum of fifteen dollars, is in violation of the last section of the first article of the constitution of this state, commonly called the Bill of Rights, which declares that " the right of trial by jury shall remain inviolate." *Beers* v. *Beers*, 4 Conn., 539; *Goddard* v. *The State*, 12 id., 448; *Curtis* v. *Gill*, 34 id., 54.

*Pratt* and *Brown*, for the defendant in error.

CARPENTER, J. Both parties claim that there is but a single count in this declaration. It is impossible to look at this record from a common sense stand-point, without coming to the conclusion that the real matter in demand did not originally exceed the sum of fourteen dollars. The declaration consists of six different parts, in each of which the consideration for the indebtedness is differently stated. In form also each part alleges a distinct indebtedness of fourteen dollars. In looking at the face of the declaration therefore, it may be read as stating a demand, or rather several demands, amounting in the aggregate to eighty-four dollars. It may also be read as stating a single debt of fourteen dollars, the consideration of which is variously stated in order to meet the proof, and avoid a variance. It is manifest that the pleader intended it should be understood in the latter sense, as he concludes by demanding twenty-five dollars damages only, while the whole sum, if understood in the former sense, is much more than

that, and still within the jurisdiction of the court. The presumption is that he claimed in the *ad damnum* more than was due, rather than less. Nevertheless, under the declaration as it stood, unaffected by the bill of particulars, it was competent for the plaintiff to prove two or more of the different forms of indebtedness alleged, and thus prove a debt amounting to more than fifteen dollars. If there had been nothing else in the case, it could not be distinguished from the case of *Main* v. *The First School District*, 18 Conn., 214. But the plaintiff in this case filed a bill of particulars, the effect of which was practically to amend the declaration, by limiting the range of proof to the single item of work and labor done named in the bill of particulars. In substance it was equivalent to striking out of the declaration all the other forms of indebtedness, and leaving it a count for work and labor done and performed simply. *Vila* v. *Weston*, 33 Conn., 42. In this respect there is a material difference between this case and the case of *Main* v. *The First School District*. The decision in that case rests upon the plaintiff's right to prove the different forms of indebtedness contained in the declaration. In this case that right does not exist, but the plaintiff is confined to proof of one form only, which is less than fifteen dollars. This case is so manifestly within the letter and spirit of the act of 1868, that we think it ought not to be governed by the somewhat technical rule adopted in the case referred to, and that it was not appealable.

The defendant further contends that that statute is an infringement of the right of trial by jury, and therefore unconstitutional. The point made seems to be that at the time the constitution was adopted, the law allowed appeals from justices of the peace in all actions of this character, where the matter in demand exceeded the sum of seven dollars (thereby securing the right of trial by jury in the appellate court) ; and that the declaration in the Bill of Rights, that " The right of trial by jury shall remain inviolate," is equivalent to a declaration that the legislature shall never extend the final jurisdiction of a justice of the peace beyond the sum of seven dollars.

This claim has the merit of presenting a rule that is precise and definite; and in that very fact is contained an argument of more or less weight against its soundness. The framers of the constitution did not descend to particulars, but contented themselves with embodying and promulgating certain general principles, leaving the details to be supplied by ordinary legislation. Nor can we suppose that they intended to make this, or any other statute then in force, exempt from liability to alterations and repeal. That would in effect, to some extent at least, make the statute a part of the constitution itself. We certainly ought to require the most cogent reasons for elevating a statute to that dignity by judicial construction. It is hardly necessary to add that such reasons do not exist in the present case. The history of legislation on this subject will show that the legislature, prior to the adoption of the constitution, varied the extent of the final jurisdiction of justices of the peace and other inferior tribunals from time to time as occasion required, so that, during the whole period since the settlement of the state, there has been no fixed, definite sum that has marked the limit of that jurisdiction. We referred briefly to the legislation of the state on this subject in *Curtis* v. *Gill*, 34 Conn., 55. In addition to what is there said it may be well to refer to the fact, that in 1784 the jurisdiction of a justice of the peace, in actions on notes and bonds given for money &c., was extended to ten pounds, with no right of appeal. In 1796 the limit in that class of actions was fixed at thirty-five dollars, and so remained until long after the adoption of the constitution. Thus it will be seen that before that time the legislature exercised the power, in regulating the right of appeal, practically to deny a jury trial in certain cases, in which the matter in demand did not exceed thirty-five dollars. It cannot be said therefore that the constitution, even by implication, fixes the limit at any definite sum. On the contrary, it seems more reasonable and more in harmony with the purposes and spirit of that instrument, to interpret it as saying, in effect, that the legislature may, in conformity to established usage, to a certain extent change from time to time, as the business interests

of the state may require, the limit below which the state shall not be required to provide for a jury trial.

We ought not, except in a strong case and for weighty reasons, to say that the legislature has exceeded its powers. This court has repeatedly held that certain reasonable rules, regulations and conditions, governing the course of proceedings in jury trials, although operating under certain circumstances to cut off the right, were not infringements of the right. In those cases the reasonableness of the act in question seems to have been an important and material inquiry. Applying that test to this case, we cannot say that the act now under consideration is unreasonable. The expenses of litigation, both to the public and to the parties, have largely increased. The amount involved in this class of cases is necessarily small. No man can afford to appeal and incur the expense of a jury trial on pecuniary considerations alone, as he is certain in any event to pay out more than the sum in dispute. If his purpose in appealing be to annoy the adverse party, or delay justice, the denial of the right would be just and reasonable rather than the reverse. It may sometimes happen that a man may be deprived of a fair trial in a justice court. In such cases, or whenever there is a real grievance, it seems hard to deprive the parties of the right to appeal; but it is apprehended that this evil is not largely increased by making the limit fifteen dollars instead of seven. To some extent at least the evil must be endured. Perfect justice in all cases is hardly attainable from human tribunals. On the whole it will hardly do to say that increasing the final jurisdiction to fifteen dollars is so unjust and unreasonable as to require us to adjudge the law void.

It has been suggested that, if the jurisdiction may be extended at all, there is no limit to the power of the legislature, and that the right of trial by jury may be seriously impaired, if not ultimately destroyed. The force of this argument consists in the idea that the legislature cannot safely be trusted with any flexible powers, and hence the necessity of a definite sum to mark the limit of the power. A sufficient answer to this argument is found in the fact, that the constitution itself

Guile *v.* Brown.

does not, in express terms at least, contain any such limitation. That instrument does not pretend to define the right of trial by jury. It leaves the definition to the common law, modified perhaps by the course of legislation in this state. The common law fixes no such limits, and legislation has fixed it at different sums at different periods. Nor does the constitution extend or abridge the right of trial by jury ; its object being simply to preserve and perpetuate the right after, as before, the constitution was adopted. It must remain under the constitution substantially what it was before. The extent and limitation of the right, as it thus existed, can be ascertained with sufficient exactness for all practical purposes.

It would seem therefore to be unwise in the courts to adopt the rule contended for, if indeed they have the power to do so. It will be far safer, and therefore better, to leave the legislature in the first instance to determine the extent of its constitutional powers : and if in doing so the power is transcended, it will be the duty of the courts, in the exercise of their judicial functions, to give protection to the rights of individuals by declaring the law void.

There is no error in the judgment.

In this opinion the other judges concurred ; except PARK, J., who dissented from so much of the opinion as sustains the constitutionality of the statute.