# Lawton *et al.* v. Ricketts.

### Action on a Promissory Note.

1. *Sufficiency of plea of set-off and recoupment.*—For a plea of set-off or recoupment to be sufficient it is necessary that it contain the same averments which would make it a good complaint if the claim sought to be set-off or recouped were sued on.

2. *Same; plea in case at bar insufficient.*—In an action on a promissory note, a plea by the defendants that "the plaintiff is indebted to them in the transaction for which that note was given in the sum of

[Lawton *et al.* v. Ricketts.]

$2,000, with which sum they offer to recoup the said demands," is fatally defective as a plea of recoupment.

3. *Set-off.*—A set-off is a counter demand growing out of an independent transaction, whether liquidated or unliquidated, not sounding in damages merely, which subsisted between the parties at the commencement of the suit, and for which the defendant could have maintained an action against the plaintiff.

4. *Recoupment.*—Recoupment is the right of a defendant, in the same action, to claim damages sustained by him which grew out of the matters set forth in the plaintiff's complaint, or which arise from plaintiff's breach of the contract on which his suit is founded, or through his violation of any duty imposed by the contract.

5. *Demurrer; objection thereto.*—It is no reason why a demurrer to a plea of recoupment should not be considered by the court because the demurrer refers to the claim offered by the defendant in said plea as an "off set" instead of recoupment; such objection being too technical and without merit.

6. *Recoupment; when plea insufficient.*—In an action on a note, a plea which sets up that the note sued on "was the consideration as a part of the purchase of an undivided one-half interest in" a livery stable, and "that as an inducement to defendant to purchase the same, the plaintiff represented that the undivided one-half interest owned by  *    *    *  his partner,  *    *    *  was unincumbered, when the same was, in fact, mortgaged to plaintiff, by reason of which misrepresentations and fraud defendants were damaged in the sum of $2,500, with which they offer to recoup plaintiff's said demands," is too vague and uncertain in the statement of facts by which it is sought to be shown the defendants suffered the damage claimed in consequence of the alleged misrepresentation.

7. *Same; same.*—Such plea is also defective because it does not show that the damages claimed are the natural and proximate consequences of the breach of contract complained of.

8. *Same; same.*—In an action on a note, a plea of recoupment claiming damages by reason of misrepresentations in reference to the sale, for the purchase money of which the note sued on was given, and which avers that such misrepresentations were the inducement which led him to make said purchase, but fails to aver facts out of which the alleged damages arose, stating his demand as a matter of conclusion, is fatally defective, and subject to demurrer.

APPEAL from the District Court of Lauderdale.

Tried before the Hon. W. P. CHITWOOD.

This suit was instituted by Frank M. Ricketts, the appellee, on April 18, 1893, against Sarah A. Lawton and B. A. Lawton, the appellants; and sought to recover the sum of one thousand dollars, and the interest due on a promissory note, which was alleged to have been exe-

cuted by the defendants to the plaintiff on October 1, 1891, and payable with interest one year after date.

The defendants pleaded the following pleas :

"1. Come the defendants, and for plea in this behalf say that the plaintiff is indebted to them in the transaction for which that note was given in the sum of $2,000, with which sum they offer to recoup the said demand."

"2. Come the defendants, and for plea in this behalf say that the said note for $1,000, sued on was the consideration as a part of the purchase of an undivided one-half interest in a livery and sale stable in the city of Florence, Ala., and that, as an inducement to defendants to purchase the same, the plaintiff represented that the undivided one-half interest owned by one C. S. Wilson, his partner in business, was unincumbered when the same was in fact mortgaged to plaintiff, by reason of which misrepresentation and fraud defendants were damaged in the sum of $2,500, with which they offer to recoup plaintiff's said demand."

"3. Come the defendants in the above styled cause, and for plea in their behalf say, that the said note of one thousand dollars sued on was given the plaintiff, F. M. Ricketts, in part payment of an undivided one-half interest in a livery stable business in the city of Florence, conducted by the plaintiff and one C. S. Wilson, under the firm name and style of Ricketts & Wilson. And the said defendants say that the said undivided one-half interest had then been recently sold to the said C. S. Wilson by the plaintiff, and that the said purchase of the said defendants was made on the expectation and with the intention of forming a partnership with said C. S. Wilson under the firm name and style of C. S. Wilson & Co., and continuing the common ownership of the said property, and conducting the said business together, all of which was known to plaintiff. And as an inducement to the defendants to purchase the undivided one-half interest in the said livery stable business, the said plaintiff represented to the defendants that the undivided one-half interest of said C. S. Wilson was fully paid for and that it was free and clear of all incumbrance, without which said representation defendants would not have purchased the said undivided one-half interest in the said business, and so informed the said plaintiff before

[Lawton *et al.* v. Ricketts.]

purchasing the same. But defendants allege that the undivided one-half interest owned by the said Wilson was then incumbered by a chattel mortgage on the said one-half interest for the sum of $2,500, given by the said C. S. Wilson to the plaintiff for the purchase price of the same, of the existence of such incumbrance the defendant had no notice until about the 1st of May, 1892. And defendants say that by reason of the existence of the said incumbrance they have lost the sum of $700, due and owing to them by the said C. S. Wilson on settlement of the partnership affairs of said firm of C. S. Wilson & Co. And that by reason of the existence of the said mortgage and the insolvency of the said C. S. Wilson, who had no other property of any value, which fact was well known to the plaintiff, they became and are liable for the payment of the entire indebtedness of the firm of C. S. Wilson & Co. to their damages $1,000. And defendants say that by reason of the existence of said incumbrance, and the fraud and deception in connection therewith practiced by the plaintiff, they have become involved in expense and litigation, and the said business has been thrown into the hands of a receiver by whom the entire property embraced in the said business was sold at public auction at a ruinous sacrifice, to the damage of defendants in the sum of $2,500. With all which said sums of money defendants offer to recoup plaintiff's demand.''

The plaintiff demurred to these said pleas as follows :

To the first plea on the following grounds : "1st. That the plea filed does not set forth the facts out of which defendants' claim as therein set forth arose. 2d. That the plea is vague and indefinite. 3d. That the plea does not set forth any facts upon which an issue can be joined. 4th. That the plea does not inform the plaintiff of the claim defendants offer to recoup." The grounds of demurrer to the second and third plea were as follows : "1st. That the damages the defendants offer to recoup against the plaintiff's demand are not the direct and proximate results of the alleged injury. 2d. That the damages that the defendants offer to recoup are remote, speculative, continuing and are such as can not be measured. 3d. That the claim offered by the defendants as an off-set to plaintiff's cause of action is vague and uncertain, and not the direct result of this plaintiff's wrong-

28

doing. 4th. That the claim offered as an off-set by defendants sounds in damages merely, and is such that it can not be measured by any pecuniary standard. Wherefore the plaintiff asks the judgment of the court."

These several demurrers to the respective pleas were sustained by the court, and the defendants declining to plead further, there was judgment rendered for the plaintiff. The defendants appeal, and assign as error the ruling of the trial court in sustaining the demurrers to the several pleas.

PAUL HODGES, for appellants.—1. The first plea was sufficient, as no greater particularity of statement is necessary than is required in a declaration or in a plea of set-off.—1 Chitty's Pleadings, (16th Amer. Ed.), 602.

2. The several grounds of demurrer in the several demurrers filed are mere general demurrers, and do not meet the requirements of the Code of Alabama, that the grounds of demurrer shall be specially set forth.—*Sledge v. Swift*, 53 Ala. 112; 3 Brick. Dig , 741, §§ 22, 52; 1 Amer. & Eng. Encyc. of Law, 211, § 2, and 340, § 1.

3. A recovery can always be had by way of recoupment for any deceit or fraud in the sale made by the vendor, if the same operated as an inducement to the sale.—Waterman on Set-off, 480, 493, 495 ; 4 Sneed, 151.

4. The court seems to have treated this plea as a plea of set-off and not a plea of recoupment. There is a radical difference in the two pleas in this, that on set-off, but for the statute, no recovery could be had for unliquidated damages, which was never the case as to recoupment, as any damages springing out of the contract obligation sued on may be recovered. The statute has changed the law as to set-off so that even unliquidated damages may be recovered provided they are not such as sound in damages merely. For the difference in the two pleas, see Amer. & Eng. Encyc. of Law, title Set-off, 384; Waterman on Set-off, 464-5 ; Sedgwick on Damages, (8th Ed.), 1047; *Conner v. Smith*, 88 Ala. 309.

JOHN B. WEAKLEY, JR., *contra*.—The damage set up by the defendants in their pleas of recoupment was not the direct and proximate result of any wrongful act of the plaintiff, and the judgment of the court sustaining the plaintiff's demurrers to the pleas was correct. — 5

[Lawton *et al.* v. Ricketts.]

Amer. & Eng. Encyc. of Law, 5, 6; *Brigham v. Carlisle*, 78 Ala. 247; *Swift v. Eastern Warehouse Co.*, 86 Ala. 294; *Reed Lumber Co. v. Lewis*, 94 Ala. 626; 3 Brick. Dig., 293, §§ 8–12; Sutherland on Damages, 55, 56; 2 Wait's Actions & Def., 440, 443.

HARALSON, J.—1. The first plea of recoupment filed by the defendants is fatally defective as such. If the defendants were suing on the claim of $2,000 here offered to be recouped, it could not be pretended that the averments in this plea would make it a good complaint.—3 Brick. Dig. 741, § 52.

2. It is sometimes difficult to discriminate set-off from recoupment. They are each, in a sense, set-offs. A set-off is a counter demand, growing out of an independent transaction, whether liquidated or unliquidated, not sounding in damages merely, subsisting between the parties at the commencement of the suit.—Code, § 2678; 22 Am. & Eng. Encyc. of Law, 211. Recoupment is defined as the right of the defendant, in the same action, to claim damages from the plaintiff, either because he has not complied with some obligation of the contract upon which he sues, or because he has violated some duty which the law imposes on him in the making or performance of the contract.—22 Amer. & Eng. Encyc. of Law, 340; *Merrill v. Everett*, 38 Conn. 40, 48. "The defense is founded on natural equity, that mutual demands, growing out of the same transaction, should compensate each other, by deducting the less from the greater, and treating the difference as the only sum justly due." The claim must be a valid cause of action; and, except as authorized by statute, it is available only as a defense, and the defendant can not recover the balance.—Sutherland on Damages, §§ 265, 273, 293. It is in substance and effect a set-off in cases where it may be pleaded, to the extent of plaintiff's demand. In this State, by section 2683 of the Code, if the claim recouped equals that of the plaintiff, judgment must be rendered for the defendant; if it exceeds the plaintiff's demand, judgment must be rendered against him and in favor of defendant, as in case of set-off, for the excess.

3. The second plea, as would appear, and as we are authorized, by the statements of counsel, to assume, was intended to remedy the vice of the first to which a de-

murrer had been sustained; and a demurrer having been sustained to it, the third was filed to remedy the alleged defects of the second. Two of the grounds of demurrer to the second plea, speak of it as an "'off-set," and for that reason, the defendants suggest they can not be considered, as his plea is not one of set-off, but of recoupment; but that objection is too technical, and is without merit. This plea, like the first, is subject to the objection that it is too vague and uncertain in the statement of facts, by which it would be made to appear, that defendant suffered the damage claimed in consequence of the alleged misrepresentation. It is also subject to the further infirmity, that it does not appear that the damages claimed are the natural and proximate consequence of the breach of said contract complained of, but, if any, that they are remote or speculative.—3 Brick. Dig. 293, §§ 8, 9; *Brigham & Co. v. Carlisle*, 78 Ala. 247; Sutherland on Damages, 55, 56.

4. The third plea, counting on defendant's cross-demand, is a little fuller than the second. The pleader seemed to realize the difficulty of making an available claim of damages, and from first to last, evinced an indisposition to make a full statement of the facts to show how the defendant's alleged damages accrued, and, each time, stopped short of averring facts, and rested upon averments of mere conclusions. Now, in this plea, after a statement of the inducements, he makes three separate claims of damages as the consequence of the breach of said contract, in each instance, averring no facts out of which the alleged damages arose, but stating the demand as a matter of conclusion. The *quo modo* of damage in neither case is averred.

This plea was scarcely more satisfactory than the second, and is subject to the same vices. It is vague and uncertain, and lays claim to no damages which are the natural and proximate consequence, of the alleged breach of said contract.

Affirmed.