# Morris *v.* Scott.

### Assumpsit.

(Decided December 7, 1916. 73 South. 395.)

1. **Bills and Notes; Complaint; Sufficiency.**—Where the action is by an assignee of certain notes, the complaint should allege an assignment of the· note to the plaintiff.

2. **Pleading; Recoupment and Set-off.**—Pleas of recoupment and set-off are insufficient, unless they contain all the averments required for an original complaint.

3. **Same.**—A plea of set-off and recoupment which allege a breach in. March of a contract made the September following states no cause of action..

4. **Set-off and Counter Claim; Breach.**—A plea alleging a breach of contract occurring after the commencement of the suit is not a good plea of set-off, as such matter is not the proper subject of set-off, although it might be· for recoupment.

5. **Bills and Notes; Pleas; Sufficiency.**—Where the action was upon notes, pleas alleging that plaintiff agreed not to foreclose, but did foreclose, are·

[Morris v. Scott.]

insufficient for not alleging that the mortgage foreclosed was the one securing the notes, and contemplated by the contract.

6. Same.—A plea alleging that plaintiff agreed not to foreclose without giving defendant a reasonable opportunity to sell, but that plaintiff did foreclose, is insufficient in that it does not deny that defendant was given a reasonable opportunity to sell.

APPEAL from Birmingham City Court.
Heard before Hon. A. H. ALSTON.
Action by Eula V. Morris against Ada B. Scott. Judgment overruling the demurrers to special pleas, and plaintiff appeals. Reversed and remanded.

The complaint as first amended alleged that:

Plaintiff claims of defendant the sum of * * * due by defendant by two promissory notes made by one W. B. Trammell, one on * * * calling for $120, and due on * * * and one for $120, made by said W. B. Trammell on * * * and due * * *, each payable to the Protective Life Insurance Company, and each of said notes secured by mortgage given by said Trammell to said Protective Life Insurance Company on certain real estate, which real estate was afterwards sold and conveyed to defendant, and she assumes in writing the payment of said notes for a valuable consideration, i. e., the conveyance of said real estate to her.

The substance of the pleas sufficiently appears.

GASTON & DRENNEN, for appellant.   ERLE PETTUS, for appellee.

SOMERVILLE, J.—(1) The complaint as first amended did not state a cause of action, in that it did not show that plaintiff had any interest in the notes sued on, viz. the two notes executed by one Trammell and payable to the Protective Life Insurance Company, and which defendant assumed to pay for a valuable consideration.—*Broder v. Gaston*, 30 Ala. 677; *Douglas v. Beasley*, 40 Ala. 142. The demurrer was properly sustained.

Defendant's special pleas A and X are by way of set-off and recoupment. They allege in substance that defendant agreed to sell to plaintiff for $1,000 her equity of redemption in her land then subject to two mortgages, in consideration of plaintiff's assuming and paying off two interest notes under the senior mortgage, to be secured thereby, and upon plaintiffs further agreement "not to foreclose on said property," but, in case plain-

[Morris v. Scott.]

tiff did not elect to buy it, to "permit defendant to sell the same" (as alleged in plea A), or to "give defendant an opportunity to sell her equity and repay said sums so advanced by plaintiff" (as alleged in plea X). Plea A alleges that plaintiff breached this agreement in that "on, to-wit, the 8th day of March, 1914, plaintiff foreclosed a mortgage upon said property and bought the same in and took possession of said property," etc. Plea X alleges that plaintiff "foreclosed on said property in March, 1915, and took possession of same," etc.

(2) Pleas of recoupment and set-off are not sufficient unless they contain the same averments which would be required for an original complaint on the same demands.—*Lawton v. Ricketts,* 104 Ala. 430, 16 South. 59.

(3) Plea A shows that the contract relied on was made in September, 1914, and that the act of foreclosure complained of as a breach occurred in March, 1914. It is obvious that the plea states no cause of action.

(4) Plea X, on the other hand, shows that the breach complained of occurred in March, 1915, and was therefore not a subsisting demand at the commencement of the suit, and not a proper subject for set-off, though it might be for recoupment.—*Martin v. Hill,* 42 Ala. 275. The demurrer, however, does not point out this defect in plea X.

(5) As we construe the contract set out in these pleas, resolving ambiguities against the pleader, the two notes to be paid by plaintiff were to remain secured by the first mortgage for plaintiff's benefit, and subject to all of its powers; the agreement "not to foreclose" was applicable only to the mortgage that secured these notes, and not to any mortgage which plaintiff might afterwards acquire independently of the contract, and without relation to its terms and purposes; and, further this last-named agreement was not an absolute cancellation of the right of foreclosure, but a mere suspension of its exercise until defendant had a reasonable opportunity to make a private sale of her interest in the property. It follows that the pleas are deficient in not showing that the mortgage foreclosed was the mortgage contemplated by the contract, and with respect to which plaintiff was bound.

(6) The pleas are also deficient in not showing that defendant was denied a reasonable opportunity to make a sale to some person who was able and ready to buy, for otherwise the fore-

·closure complained of was not a breach of the contract, and no resulting injury would be made to appear. The demurrer pointed ·out these defects, and should have been sustained.

It may be that the pleas are too vague and uncertain in the statement of facts showing damage, or the proximate relation ·of damage to the breach complained of.—*Lawton v. Ricketts*, 104 Ala. 430, 436, 16 South. 59. But the grounds of demurrer · ·do not specify that objection. It is not necessary to notice other ·questions.

Let the judgment be reversed and one here rendered sustain·ing the demurrers to pleas A and X in the particulars stated.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.