ALBERT T. SCULLY ET AL. *v.* TOWN OF WESTPORT

SUPERIOR COURT      FAIRFIELD COUNTY      FILE No. 103974

Memorandum filed October 23, 1957.

*Senie & Stock,* of Westport, for the plaintiffs.

*Daniel B. Bradley,* of Westport, and *Goldstein & Peck,* of Bridgeport, for the defendant.

TROLAND, J. This is an action for a declaratory judgment. The question upon which advice is desired arises out of provisions in the charter for the town of Westport, passed by the General Assembly

at its January, 1957, session and approved in a referendum held in the town of Westport on July 19,. 1957.

The plaintiffs include electors of the town and candidates for the board of selectmen in the election to be held on November 5, 1957. There were originally other questions, but by agreement of the parties it is now requested that the court advise whether or not the provisions of the charter in chapter 3, § 1,. specifying that "[n]o elector shall cast more than one combined vote for first selectman and one other selectman," violates any of the following provisions of the constitution of Connecticut: (A) Article Tenth, § 2 (as amended). "Each town shall,. annually, or biennially, as the electors of the town may determine, elect selectmen and such officers of local police as the laws may prescribe." (B) Article Sixth, § 3. "Every elector shall be eligible to any office in this state, except in cases provided for in this constitution." (C) Article Sixth, § 5. "Laws shall be made to support the privilege of free suffrage, prescribing the manner of regulating and conducting meetings of the electors, and prohibiting, under adequate penalties, all undue influence therein,. from power, bribery, tumult, and other improper conduct." (D) Article First, § 1. "That all men when they form a social compact, are equal in rights; and that no man, or set of men are entitled to exclusive public emoluments or privileges from the community."

Chapter 3, § 1, of the Westport charter reads as follows: "Section 1. Election. The executive authority of the town shall be vested in a board of selectmen, except to the extent that such authority is herein expressly granted to the first selectman. The board of selectmen shall consist of the first selectman and two other selectmen, no more than two

of whom may be members of the same political party. No political party shall nominate more than one candidate for first selectman and such political party shall nominate one other candidate for selectman. Such candidates shall be listed together upon the ballot or machine. No elector shall cast more than one combined vote for first selectman and one other selectman. The candidate for first selectman having the highest number of votes shall be elected first selectman and the candidate combined with him on the ballot or machine shall be elected a selectman. The defeated candidate for first selectman having the highest number of votes shall be elected a selectman. If a person is elected first selectman who has not been nominated by a political party, the two defeated candidates for first selectman having the highest number of votes shall be elected selectmen. The selectmen shall be elected biennially as provided by the general statutes except as provided herein and except that, if constitutional authority is granted, the representative town meeting may take action to provide for quadrennial election of the selectmen."

Plaintiffs complain that under above charter provisions (a) the elector has lost his right to split his ticket and vote for selectmen on an individual basis; (b) the majority has lost its right to exert its will as far as the election of the members of the board is concerned; (c) no individual can file a nominating petition and run alone for the office of selectman (other than first selectman) and hope to be elected.

In stating their claims, plaintiffs are under a misapprehension as to the power of the General Assembly over town elections and are assuming the existence of rights where only privileges are provided. The exercise of the suffrage is not a natural but a political right, and the legislatures of the states acting within the powers conferred by their

constitutions may prescribe the manner in which elections shall be conducted and the right of suffrage exercised. *Mills* v. *Gaynor,* 136 Conn. 632, 636; *Talcott* v. *Philbrick,* 59 Conn. 472, 478.

The provisions of the Connecticut constitution, article sixth, § 3, making every elector eligible to any office in the state, do not apply to town officers. *Mills* v. *Gaynor,* supra, 639; *Hackett* v. *New Haven,* 103 Conn. 157, 168. A reading of article sixth, § 5, of Connecticut constitution reveals that the legislature is authorized and commanded to make laws supporting the "privilege of free suffrage" and "prescribing the manner of regulating and conducting meetings of the electors."

"The legislature has broad powers in prescribing how candidates shall be nominated and elected. In exercising those powers it must, of necessity, establish qualifications and classifications and place a limitation upon the number of candidates for political office, and their manner of selection." *Mills* v. *Gaynor,* supra, 638; *State ex rel. Cooley* v. *Kegley,* 143 Conn. 679, 684.

Plaintiffs are offended because, as they say, the combined voting provision in the charter takes from them and other electors the traditional privilege of "voting for selectmen on a man-for-man basis" and forces them to cast a vote for two candidates at one time, and further that they cannot split their vote. It is interesting to note that the legislature has seen fit to exercise its authority to regulate such manner of voting, write-in voting and split-ticket voting in the case of justices of the peace. Cum. Sup. 1955, § 729d.

The Westport charter provides a novel procedure governing the election of members of the board of selectmen and no doubt disturbs and annoys the

plaintiffs and other electors in Westport who may agree with them that their traditional freedom of choice is restricted. However, as recently stated by our Supreme Court of Errors, "Cities and towns are creatures of the state. Election laws are the province of the General Assembly." *Lacava* v. *Carfi,* 140 Conn. 517, 519. The court ought not, except in a strong case and for weighty reasons, to say that the legislature has exceeded its powers. *Guile* v. *Brown,* 38 Conn. 237, 242.

The parties are advised that the provisions of chapter 3, § 1, of the Westport charter, regulating the nomination and election of the board of selectmen, are valid and do not contravene any provisions of the constitution of the state of Connecticut or of the United States.

No costs shall be taxed in favor of any party.