# Carolina-Portland Cement Co. v. Alabama Construction Co.

## Assumpsit.

(Decided June 30, 1909. 50 South. 332.)

1. *Appeal and Error; Review; Grounds Not Insisted On.*—On appeal the Supreme Court will not consider grounds of demurrer to pleadings not insisted on in brief or argument.

2. *Pleading; Trial; Demurrer; Motion to Strike.*—A plea of set off or recoupment is not demurrable merely because it seeks to set off or recoup damages not allowable if it states a good cause of action as to other damages therein set up. The remedy in such case is not by demurrer but by motion to strike the objectionable part or by objection to evidence relative thereto, or by instructions eliminating such improper damages.

3. *Set Off and Counter Claim; Nature and Purpose.*—A plea of set off and recoupment is in effect a declaration by the defendant against the plaintiff.

4. *Same; Admission of Cause of Action; Recoupment.*—While a plea of set-off confesses plaintiff's action, a plea of recoupment does not, but denies rather the right to recover at all, or at least as to the amount claimed.

5. *Recoupment; Set-off and Counter Claim; Distinction Between.*—Recoupment is confined to the particular transaction sued on or at least to matters closely akin thereto, and in this respect differs from set-off and counter claim.

6. *Set-off and Counter Claim.*—Where a defendant's claim and recoupment equals that of plaintiff defendant is entitled to a judgment, and if it be in excess of that of the plaintiff, he is entitled to a judgment for such excess.

7. *Same.*—Recoupment is the right of defendant to claim damages because plaintiff has not complied with the contract sued on, or has violated some duty which the law imposes on him in the performance of the contract.

8. *Pleading; Necessity For; Recoupment.*—Under the statute, it is necessary that recoupment be specially pleaded, although prior to the statute it might be shown under the plea of general issue.

9. *Same; Form and Requisites of the Plea.*—A plea of recoupment must not be vague or uncertain as to its statement of facts showing how and wherein defendant was damaged by plaintiff's breach of the contract sued on.

10. *Evidence; Recoupment; Burden of Proof.*—Statutory recoupment is not a new suit by the defendant against the plaintiff, as at common law, and a joinder of issues thereon places the burden of

[Carolina-Portland Cement Co. v. Alabama Construction Co.]

proof as to such special plea upon the defendant, although the general issue is also pleaded.

11. *Set-off and Counter Claim; plea; Sufficiency.*—Where the action was for cement sold, pleas setting up that the plaintiff breached the contract by delay in shipping the cement, and that by reason thereof, defendant's railrcad construction outfit was idle for ten days, waiting for the cement to the defendant's loss in the sum of $120.00 per day, was sufficient, and not demurrable because not alleging that defendant was unable to procure the cement elsewhere.

12. *Sams.*—In an action for the price of cement, pleas alleging that the cement was sold Feb. 9, that immediate shipment was to be made, that instead thereof shipment was not made until March 9, following, and that by reason of the delay delivery was not made until April 9. and that if immediate shipment had been made, the cement would have been delivered Feb. 20, was not demurrable because it showed that shipment was made March 9, and delivery made April 9. showing that the loss suffered by defendant was due to the negligence of the carrier in not properly transporting and not due to plaintiff's fault in not properly shipping.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by the Carolina-Portland Cement Company against the Alabama Construction Company, for the price of a carload of cement. Judgment for defendant and plaintiff appeals. Affirmed.

JAMES T. GREENE, and WILLETT & WILLETT, for appellant. The court erred in overruling plaintiff's demurrers to the pleas. It was the duty of the defendant to purchase like property elsewhere as expeditiously and as cheaply as he could and the measure of damages would be the excess of the cost of repurchase over the original contract price, and such reasonable expenses as were incurred thereby.—*Watson v. Kirby & Sons*, 112 Ala. 436; *McFadden v. Henderson*, 128 Ala. 221; *Ala. Chem. Co. v. Geiss*, 143 Ala. 591; *So. Ry. Co. v. Coleman*, 47 South. 837. It should have been averred then in the pleas that defendant was unable to procure the cement elsewhere.

BLACKWELL & AGEE, for appellee. No brief came to the Reporter.

[Carolina-Portland Cement Co. v. Alabama Construction Co.]

MAYFIELD, J.—The case made on appeal is substantially as follows: The appellant was the plaintiff in the court below, and brought an action against the defendant for $198.15, alleged to be due by account. The defendant filed pleas 1, 2, and 3, and thereupon demurrers were interposed to pleas 2 and 3, and the same were sustained. The first plea was the plea of the general issue. After the court had sustained the demurrers to said pleas 2 and 3, the defendant filed additional pleas A and B. Thereupon the plaintiff demurred to said pleas A and B, which demurrers the court overruled, and such rulings of the court are assigned as error.

The account sued upon was for a car load of cement, contracted to be sold on the 9th day of February, 1906, by the plaintiff to the defendant. Pleas A and B were pleas of recoupment. Said plea A alleged, in short, that plaintiff agreed to ship said car load of cement without delay from Atlanta, Ga., to defendant at Roanoke, Ala., that if plaintiff had complied with its contract to ship the cement from Atlanta, Ga., without delay, it would have reached Roanoke within six days after the 9th day of February, 1906, but that shipment was not made without delay from Atlanta, Ga.; that by reason of the plaintiff's not so shipping it the defendant was injured, in that its work in the construction of a line of railroad could not be finished until after the construction by it of a culvert on said line of railroad for which said cement was ordered; and that because of the failure of the plaintiff to ship the same from Atlanta, Ga., in accordance with its contract, defendant's contractor's outfit of 65 mules, etc., were kept idle for 10 days, waiting for the cement, to defendant's loss in the sum of $120 per day. Plea B varied the statement to the extent that it did not allege that it was to be immediately

shipped from Atlanta, Ga., but that immediate shipment was to be made, and that, instead of immediate shipment being made in accordance with plaintiff's contract, the shipment was not made until the 9th day of March, and by reason of the delay in shipment until the 9th day of March delivery was not made until the 9th day of April. It was further alleged that, if immediate shipment had been made in accordance with the contract, the cement would have been delivered to defendant at Roanoke on, to wit, the 20th day of February, 1906; that the cement was to be used in the construction of a stone culvert on the line of a railroad which the defendant was building as a contractor, and by reason of the delay in the shipment of the cement to defendant there was a delay in the delivery of the same; that defendant could not complete its contract within the time in which it would otherwise have been able to do, and defendant's teams and railroad contractor's outfit were lying idle for 10 days, awaiting the completion of the work for which said cement was to be used; and that, if the cement had been shipped within a reasonable time under the order to the plaintiff, defendant's work would have been completed 10 days before it was completed, and the defendant offers to recoup the damages caused by the plaintiff's delay in the shipment of the cement to defendant at Roanoke in accordance with its contract.

There were a great number of grounds of demurrer assigned. The demurrers to each plea were overruled, generally, without specifying as to action upon the various grounds. But few of these grounds are insisted upon in argument, and we will, of course, respond only to those so insisted upon. It is insisted (1) that the pleas should have averred defendant's inability to procure the cement elsewhere, and thereby lessened the

damages to the plaintiff; (2) that plea B shows that the shipment was made on the 9th day of March, and that delivery was made on the 9th day of April, thereby showing that the alleged idleness and loss of time by defendant's teams was caused by the delay in the delivery and not by the delay in shipment, and that whatever damage suffered was by delay in delivery and not of shipment. Appellant and appellee coincide that the law and rules as to the measure and as to the admeasurement of damages for the breach of the contract of sale of chattels which are applicable to and must govern in this case are correctly announced in the cases of *Watson v. Kirby,* 112 Ala. 436, 20 South. 634, *McFadden v. Henderson,* 128 Ala. 221, 29 South. 640; *Chemical Co. v. Geiss,* 143 Ala 591, 39 South 255, and *So. Ry. v. Coleman,* 153 Ala. 266, 44 South 837. Therefore the only disputed question is one of pleading.

A plea of set-off or recoupment is not demurrable, merely because it seeks to set off or recoup some damages which are not allowable, if it states a good cause of action as to other damages. Such pleas should be purged of such damages by motions to strike, by objections and exceptions to the evidence, and by charges so as to eliminate such improper claims. Pleas of set-off and recoupment are in effect complaints and declarations of the defendant against the plaintiff, and they must therefore in a large measure be treated, tested, and cured by the same rules and means as complaints. Recoupment, however, does not confess the action sued on by plaintiff, as does the plea of set-off. It denies the right of plaintiff to recover as or to the amount claimed. It asserts that the plaintiff has no demand, or a less demand than he claims. At common law it went only in abatement or reducton of plaintiff's claim, and no judgment could be obtained for any balance in his

[Carolina-Portland Cement Co. v. Alabama Construction Co.]

favor, as could be under the pleas of setoff or counterclaim. It was in the nature of a plea of failure of consideration. It was then, and is now, enforced, not as an independent claim or debt of the defendant, but by reducing or extinguishing in toto the claim or demand of plaintiff sued on. It, unlike set-off or counterclaim, is confined to the particular transaction sued on, or at least to those closely akin thereto.

Prior to our statute as to recoupment, the defense need not be specially pleaded. It could be made under the general issue.—*Washington v. Timberlake,* 74 Ala. 263; *English v. Wilson,* 34 Ala. 201. Under our statute, however, the defendant may specially plead recoupment, and if his claim or demand equals that of plaintiff he is entitled to judgment, and if it exceeds that of plaintiff the defendant is entitled to judgment against the plaintiff for the excess, provided the plaintiff be the party liable to its satisfaction. Recoupment is defined as the right of the defendant in the action to claim damages from the plaintiff, either because he has not complied with some obligation of the contract on which he sues or because he has violated some duty which the law imposes on him in the making or performance of the contract.—*Lawton v. Ricketts,* 104 Ala. 430, 16 South. 59. It springs out of the contract or transaction between the parties. Therefore a plea which sets up a breach of a contract in support of a recoupment must be as distinct and certain as if it were a complaint for the same breach of the same contract.—*Ansley v. Bank,* 113 Ala. 467, 21 South. 59, 59 Am. St. Rep. 122.

Statutory recoupment with us is, therefore, in its nature, unlike at common law, a new suit by the defendant against the plaintiff, and a joinder of issue thereupon places the burden of proof as to such special plea upon the defendant, though the general issue be also

pleaded.—*Moore v. Barber Asphalt Pav. Co.,* 118 Ala. 563, 23 South. 798. A plea of recoupment, under our statute, must state a good cause of action growing out of the contract or transaction sued upon. It must show that the damages claimed are the natural and proximate consequence of the breach, or of wrongs growing out of the contract or transactions sued on. It must not be too vague or uncertain as to its statement of facts, by which it must be made to appear that the defendant suffered the damages or losses claimed in consequence of plaintiff's breach or wrongs, in connection with the contract or transactions sued upon. The damage claimed must not be too remote or speculative.—*Lawton v. Ricketts,* 104 Ala. 430, 16 South. 59. Our statute as to plea of recoupment, as distinguished from that of set-off, does not enlarge the class of demands which may be the subject of recoupment, but does authorize a judgment for the excess in favor of the defendant.—*Ewing v. Shaw,* 83 Ala. 333, 3 South. 692; *Martin v. Brown,* 75 Ala. 442.

Tested by these rules, we think the special pleas of recoupment A and B were sufficient, and certainly not subject to the demurrer upon the grounds urged on this appeal. The pleas alleged a breach by the plaintiff of the identical contract sued upon. The breach was alleged with precision and certainty, which was alleged to be delay in shipping the cement. It alleged with certainty the damages suffered by the defendant in consequence thereof. These damages were not too uncertain or speculative in their nature to be recoverable. The pleas do not show that the damages were increased by any act or word of defendant, or that he could or should have purchased the cement from other parties and saved the delay of his teams and laborers in consequence of plaintiff's breach. While if he could have purchased the cement from other parties, and thus re-

duced his loss from the delay, he should have done so, and held the plaintiff liable only for the difference of the prices and necessary and proper costs of having to so purchase elsewhere, yet the pleas do not show or raise the presumption that he could have saved or reduced his loss by purchasing elsewhere in the market; that is, the pleas do not show that he was negligent in awaiting the arrival of this cement purchased for 10 days, or that he could or would have obtained it from the market or other sellers if he had ordered on the very first day of the delay. This should have appeared from the pleas, to render them subject to demurrer on this ground.

It was not necessary for the pleas to negative the fact that defendant could have purchased the cement in the market and have obtained it within time to prevent the 10 days' loss of time for defendant's teams, laborers, etc. Defendant was not required to allege this negative. It does not appear from the averments of the complaint or pleas, nor do we judicially know, that the defendant could have saved or reduced this loss or damage after the breach of the contract by the plaintiff. It does not. then appear that defendant could have ordered the cement from other persons or places, and received it within time to prevent the loss by the delay of his teams and laborers. If he could have done so, the plaintiff should have set it up by a replication, and proved it, which would have defeated his claim for damages.

The ground of demurrer insisted upon is not well taken, for the reason that the pleas do not show that the delay or loss suffered by defendant was the result of the carrier's negligence or fault in not promptly transporting and delivering, and not of the fault of the plaintiff in not promptly shipping, as insisted by appellant. The plea, on the contrary alleges, that the delay in the delivery to defendant by the common carrier, was the result of or caused by the fault of plaintiff in failing to

ship promptly in accordance with the terms of the contract. Of course, if the plea had shown that the damages complained of were the result of the fault of the common carrier, and not of that of the plaintiff shipper, it would have been subject to the demurrer; but this it did not do.

This disposes of all the questions insisted upon; and, no error therein being found, the judgment of the trial court must be affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and ANDERSON, JJ., concur.