143 So. 570

**STANDARD SANITARY MFG. CO. v. BENSON HARDWARE CO.**

**4 Div. 644.**

Supreme Court of Alabama.

Oct. 6, 1932.

C. B. Fuller, of Opp, and E. O. Baldwin, of Andalusia, for appellant.

A. R. Powell and Powell, Albritton & Albritton, all of Andalusia, for appellee.

BROWN, J.

Action of assumpsit by the appellant against appellee on three promissory notes, two for $1,200 each and the other for $1,196.-66, the plaintiff in its complaint conceding that defendant had paid $905.74 on said indebtedness.

In addition to the sum claimed to be due on the notes—$2,690.92—the plaintiff claimed the sum of $450 as a reasonable attorney's fee, stipulated to be paid in said notes, making the total sum claimed, exclusive of interest and cost, $3,140.92, and at the time the plaintiff filed its suit, because of the diversity of the citizenship of the parties, the suit could have been rightfully brought in the United States District Court. Ætna Life Insurance Company v. Moore, Adm'r, 231 U. S. 543, 34 S. Ct. 186, 58 L. Ed. 356.

Therefore, if it should be conceded that the federal statute gives a nonresident plaintiff, who has sued in the state court because his

claim is not sufficient in amount to give the United States Court jurisdiction, the right of removal upon filing by the defendant of a plea of recoupment or set-off claiming an amount within the jurisdiction of the United States District Court, as some of the decisions seem to hold, the plaintiff in the instant case had no such right, and is bound by its election to sue in the state court. West v. Aurora, 6 Wall. 139, 18 L. Ed. 819; 23 R. C. L. 729, § 114.

However, we are of opinion that section 28 of the Judicial Code, section 71 of U. S. Code Anno., limits the right of removal to the defendant; the pertinent language of the statute being that: "Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court * * * by the defendant or defendants therein, being nonresidents of that State." U. S. Code Anno. § 71, title 28, page 3, and note 665, page 335; Hanrick v. Hanrick, 153 U. S. 192, 14 S. Ct. 835, 38 L. Ed. 685; 23 R. C. L. 728, § 113.

The petition of the plaintiff praying for an order of removal of the cause to the United States Court was therefore properly denied.

The plaintiff, by making affidavit and giving bond as required by sections 8053, 8054, Code, had a writ of garnishment issued to the United States Fidelity & Guaranty Company, in and of its pending suit.

The defendant, along with the plea of the general issue, filed special pleas 2, 3, 4, and 5. Plea 3 was eliminated by the ruling on demurrer, and pleas 4 and 5 were stricken by amendment. The demurrers of plaintiff to plea 2 were overruled. This plea (2), after averring "that the issuance of said writ of garnishment was not necessary to obtain satisfaction of the plaintiff's demand * * * and that said garnishment was sued out without probable cause and for the purpose of vexing or harassing this defendant," further avers that, as a consequence of the issuance of the garnishment, the defendant was injured; that its commercial standing was affected and its ability to purchase goods in the markets and obtain extensions of credit, not only as to the purchase of goods, but as to debts already owing by defendant, was greatly lessened, causing defendant great loss and damage; that, on account of the wrongful and vexatious suing out of said garnishment, it became necessary for defendant to employ counsel for the purpose of establishing its claim for damages arising from said wrongful garnishment, and the reasonable value of such service was $1,000; that by reason of the wrongful suing out and the prevailing general depression throughout the country generally it had been damaged in the sum of $10,000, which it offers to recoup against the demand of plaintiff, and claims judgment for the excess.

The demurrer takes the point that "the demand of defendant as set up in said plea did not spring out of the transaction upon which plaintiff's suit is founded."

As was observed in Craft v. Standard Acc. Ins. Co., 220 Ala. 6, 123 So. 271, 273: "The statute (Code of 1923, § 10179) has not enlarged the class of claims that may be pleaded by the defendant in recoupment or reconvention of plaintiff's claim, and leaves such matter to be adjudged on the settled principles of the common law which defines recoupment 'as the right of the defendant, in the same action, to claim damages from the plaintiff, either because he has not complied with some obligation of the contract upon which he sues, or because he has violated some duty which the law imposes on him in the making or performance of the contract.' Lawton v. Ricketts, 104 Ala. 430, 16 So. 59; Carolina-Portland Cement Co. v. Alabama Const. Co., 162 Ala. 380, 50 So. 332; Merchants' Bank v. Acme Lumber & Mfg. Co., 160 Ala. 435, 49 So. 782; Grisham v. Bodman, 111 Ala. 194, 20 So. 514; Washington v. Timberlake, 74 Ala. 259."

It is too clear to permit of controversy that the claim asserted by the defendant's plea is not within these principles. The damages claimed do not arise from a noncompliance by plaintiff with any obligation of the contract, nor do they arise from the violation of a duty imposed by law in the making or performance of the contract. The alleged abuse of civil process is in no way connected with the transaction—the sale and delivery of the goods, by plaintiff to defendant, and the execution of the notes therefor by defendant—but arises subsequent thereto after that transaction had been completed and the contract breached by the defendant in its failure to pay.

The demurrer was well taken, and the court erred in overruling it. Craft v. Standard Acc. Ins. Co., supra; Norton v. Bumpus, 221 Ala. 167, 127 So. 907.

The defendant, by pleading specially, after pleading in short by consent, waived its right to rely on plaintiff's consent to plead in short. Brown v. McKnight, 216 Ala. 660, 114 So. 40.

And, in the absence of an appropriate plea of partial failure of consideration, evidence going to show that the lavatories, the price of which was included in the notes and constituted in part the consideration thereof, were defective, was not admissible, and the court erred in admitting such testimony over the plaintiff's objection. Formby v. Whitaker, ante, p. 154, 142 So. 536.

For these errors, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.