143 So. 571

**RONEY et al. v. COMMERCIAL UNION FIRE INS. CO.**

**4 Div. 637.**

Supreme Court of Alabama.
Oct. 6, 1932.

368

E. C. Boswell, of Geneva, for appellants.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellee.

**GARDNER, J.**

The cause was tried upon an agreed statement of facts, the salient features of which appear in the report of the case.

The policy of insurance issued to J. C. Roney contained a warranty to the effect that it should be void if the interest of the insured be other than unconditional or sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple.

It is not controverted that at the time of the issuance of the policy and at the time of the fire the fee-simple title to the property was in Mattie Roney, the wife of J. C. Roney, and under this proof, without more, the insurer could have established a complete defense to a suit upon the policy. Gunn v. Palatine Ins. Co., 217 Ala. 89, 114 So. 690; Girard Fire & Marine Ins. Co. v. Gunn, 221 Ala. 654, 130 So. 180; New Brunswick Fire Ins. Co. v. Nichols, 210 Ala. 63, 97 So. 82. And in the proof of loss, duly sworn to by J. C. Roney, the insured (and upon which the insurance company acted in forwarding the check), was the express statement that at the time of the issuance of the policy, and at the time the fire occurred, the assured's title to all the buildings described as insured thereunder, and the ground upon which said buildings were situated, was that of sole and unconditional owner in fee simple. The check for the insurance was made payable to the mortgagee and the insured jointly, and the insistence on the part of insured for the payment of the full amount to him evidently led to the controversy which disclosed the breach of the warranty as to ownership, and to the interpleader proceedings on the part of the mortgagee.

Counsel for insured seeks to avoid the effect of the above-noted breach of warranty upon the doctrine of waiver or estoppel (American Equitable Assur. Co. v. Powderly C. & L. Co. (Ala. Sup.) 142 So. 37,[1] and authorities supra), based upon the assumption that the insurance company had knowledge or notice of the state of the title and issued the policy in the light of such knowledge. But the proof offered does not suffice to sustain his

---

[1] Ante, p. 208.

contention. It is only to the effect that the company's agent had lived in that community a number of years and as a matter of common knowledge knew that some time in the past (left indefinite in the proof) the land on which the building was erected had been inherited by Mattie Roney from her father, though nothing was said about this at the time, and no mention made concerning the title, and nothing to indicate the agent even had such common knowledge in mind when the transaction was had. J. C. Roney had built a house. He owned the personal property also insured in the policy, which was issued at his request, and in which he was named as the insured. Under these circumstances the agent had a right to assume that the policy was issued agreeable to the named insured and in conformity with the facts. There is nothing in the agreed statement of facts indicating any knowledge on the part of the agent as to the status of the title at the time the policy was issued, and as above noted, he had a right to assume that the issuance of the policy was in conformity with the true situation. The facts therefore are widely different from those appearing in American Equitable Ins. Co. v. Powderly C. & L. Co., supra, and insufficient upon which to establish any theory of waiver or estoppel.

■ The insurer, having paid the money in ignorance of this complete defense, and in reliance upon the sworn proof of loss affirming the nonexistence of the policy violation, may recover it back. Jasper Trust Co. v. K. C., M. & B. R. R. Co., 99 Ala. 416, 14 So. 546, 550, 42 Am. St. Rep. 75; Rutherford v. McIvor, 21 Ala. 750; DeHahn v. Hartley, 14 English Ruling Cases 171; Union Nat. Bank v. Sixth Nat. Bank, 43 N. Y. 452, 3 Am. Rep. 718; Ins. Co. of N. Am. v. Irby, Alexander & Irby (Tex. Civ. App.) 263 S. W. 1071.

■ "It is elementary law that if one, through mistake of fact, false representation, or fraud, obtain money from another, an action lies to recover it back, on the simple principle that the one has money which ex aequo et bono belongs to another." Jasper Trust Co. v. K. C., M. & B. R. R. Co., supra.

Mattie Roney had no contract of insurance either verbal or written, and therefore no valid claim to the funds.

What has been here said, in connection with the authorities noted, suffices to answer appellants' contentions without further discussion.

The decree is free from error, and will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

