146 So. 387

## FIDELITY–PHENIX FIRE INS. CO. OF NEW YORK v. MURPHY.

1 Div. 731.

Supreme Court of Alabama.

Jan. 19, 1933.

Rehearing Denied March 9, 1933.

Pillans, Cowley & Gresham, of Mobile, for appellant.

Harry T. Smith & Caffey, of Mobile, for appellee.

FOSTER, Justice.

This is an action on a contract of "protection and indemnity," against liability for and the payment of any sum incurred and paid by plaintiff for loss or damage to goods, etc., on board of plaintiff's steamboat Rose Murphy, which, with its cargo, was lost or foundered at sea. The complaint alleged such loss of the ship, his liability for and payment of a definite sum for the goods, etc., which were lost with the ship and which were the property of another.

The court sustained demurrer to pleas 4 and 5, as last amended. Such ruling is the first matter submitted for our consideration.

Plea 4 as thus amended alleges that plaintiff "voluntarily, wilfully and intentionally, sank the steamship 'Rose Murphy,' * * * whereby and as a proximate consequence of said sinking the said steamship and her cargo of phosphate rock were wholly lost," and that "the sinking and loss of said steamship and cargo by plaintiff as aforesaid was voluntarily, wilfully and intentionally done by plaintiff."

Amended plea 5 alleges that plaintiff had a separate policy of insurance against the loss or destruction of the ship, which he owned, and he entered into a conspiracy with others named for them to sink and totally lose and destroy the vessel and cargo for the purpose of collecting the insurance upon the ship and also for the purpose of defrauding defendant in causing it to repay plaintiff any sum paid by him to the owner of the cargo, and that pursuant to said agreement his said conspirators did destroy said ship and her cargo at sea, and as a consequence plaintiff incurred and paid to the cargo owner the sum named in the complaint.

There were only four grounds of demurrer assigned to pleas 4 and 5, as last amended. While the argument of counsel is addressed largely to contentions which are scarcely embraced in the assignments, it is necessary to view the pleas, first, in the light of those assignments as we interpret them.

The cause was tried on only one count, and therefore it is only in answer to it that the pleas undertake to defend. There is no uncertainty as to the count to which the pleas are addressed, and the first ground of demurrer is not meritorious.

But it is urged in argument that the second ground of demurrer is well taken, because they are essentially pleas in confession and avoidance, and do not confess, though they attempt to avoid by matter which can only be pleaded in that form.

■■ In order that there may be no uncertainty as to our views on that subject, we wish to make them clear, and definite, that if a plea avers good matter in avoidance of the complaint, which is consistent with its allegations, and does not expressly deny them or any of them, but does not expressly admit them, there is necessarily implied for the purposes of that plea a confession of the complaint thus answered, as effectually as if it were so expressed. But if the substance of the plea is inconsistent with the complaint, it is but an expression of the particular claim of the defendant as to why the complaint is not true, and which is embraced in the general issue. We do not think we run counter to our cases, or any of them, thus to conclude, but feel that they are consistent with this result, and that it naturally follows from our statutory system.

At common law an expression of confession in such a plea was as essential as good matter in avoidance. But the question now is under our statutory practice, and modern conception of pleading. Section 9457, Code, provides for brevity in pleading as is consistent with perspicuity, with no objection to defect of form; and section 9469 that pleas must consist of a succinct statement of facts, and it is not objectionable if the facts are so stated that a material issue may be taken; and section 9470 that if defendant does not rely solely on a denial of the cause of action, he must plead specially the matter of defense; and section 9479 that demurrer to a plea must relate to matter of substance. Looking at the forms set out in article 20, Code (sections 9531, 9532), we find that none of the pleas, which are in substance by way of confession and avoidance, expressly confess the count or complaint to which it is directed. This court has held that such a plea is subject to demurrer if it expressly denies the cause of action; though it sets up good matter in avoidance. Central of Georgia R. Co. v. Williams, 200 Ala. 73, 75 So. 401.

In the case of Birmingham Ry., L. & P. Co. v. Yates, 169 Ala. 381, 387, 53 So. 915, 917, referring to a plea of contributory negligence, and holding that it is by way of confession and avoidance, it is said: "Nor does the fact that the plea or some part of it may, directly or inferentially, deny or fail to deny some part of the complaint, make it bad, if it otherwise sets up facts and matters which are of themselves a complete defense to the action."

But in Smith Bros. & Co. v. W. C. Agee & Co., 178 Ala. 627, 634, 59 So. 647, Ann. Cas. 1915B, 129, in passing on a plea to a com-

plaint for defamation, it was held to be defective because it did not confess an utterance of the words charged, but the plea contained the averment that "if the alleged words were spoken at all" by defendant, etc. So that there was no room for an implication of a confession. On the other hand, the rule is elsewhere stated that the "confession need not be formal or express, if it be impliedly in, or inferable from, the matter set forth in the plea." 48 Corpus Juris 293; 21 R. C. L. 546. The notes (in 49 Corpus Juris 293) indicate that in some states the confession is implied, when not otherwise stated, if the plea sets up affirmative matter which is legally sufficient to defeat the action, though it seems to be otherwise in other states. As pointed out in Woods v. Wood, 219 Ala. 523, 122 So. 835, in proceedings, whose pleadings are not as in common-law actions, a failure to deny matter in the petition is an admission of it. Such is the general rule. 49 Corpus Juris 275.

■ Pursuant to such views we think the ruling of the court cannot be sustained upon the second ground of demurrer.

The matters asserted in pleas 4 and 5 do not affect the legality of the contract as a whole, but in effect they are set up to show that it does not cover the transaction mentioned in the complaint, and that it is an implied exception from its general coverage because of the specially alleged conduct of plaintiff in connection with it. It has been customary, and we think properly so, to treat such defense as matter in avoidance and not a traverse of the complaint. Knights of Golden Rule v. Ainsworth, 71 Ala. 436, 46 Am. Rep. 332; Mutual Life Ins. Co. v. Lovejoy, 201 Ala. 337, 87 So. 299, L. R. A. 1918D, 860; United Order of G. C. v. Overton, 203 Ala. 335, 83 So. 59, 13 A. L. R. 672; Supreme Lodge, K. of P. v. Overton, 203 Ala. 193, 82 So. 443, 16 A. L. R. 649; 26 Corpus Juris 499 (note 88).

It does not fall within our rule that defendant may under the general issue impeach the validity of the contract sued on by proof of facts which show that the contract as a whole is void because contrary to public policy, or in violation of some law which so affects it. Wood v. Traders' Securities Co., 221 Ala. 629, 130 So. 398; Shearin v. Pizitz, 208 Ala. 244, 94 So. 92.

The defense is therefore consistent with the allegations of the complaint, and is not available under the general issue nor subject to the third ground of the demurrer.

Most of the argument is based apparently upon the fourth ground.

But it does not seem to us to be well taken. If the position be sound, as argued, that, because allegations that the willful and intentional sinking of the ship at sea and that the loss of the cargo is the proximate result

of such willful act, without an allegation that the loss of the cargo was itself willful, and without an allegation of a willful loss of the cargo, there would be no defense in this connection, we think that pleas 4 and 5, as last amended, do sufficiently allege by express averment that the cargo, as well as the ship, was willfully lost or destroyed. Such pleas allege in substance that plaintiff, or his co-conspirators, pursuant to agreement with him, did willfully sink or lose both the ship and her cargo at sea.

But we do not think the argument of appellee in this respect is well founded, if it be conceded that the plea is as the assignment interprets it. As we will hereafter show, the merit of the defense is the willful act of plaintiff in causing the liability which he seeks to enforce against his indemnitor. The destruction of the ship and cargo was by one act at sea. It might be conceived to be possible to make prior provision to salvage the cargo without loss, or to sink the ship at a time and place where the cargo could be saved, notwithstanding the loss of the ship. But we should put upon averments a fair interpretation of their meaning. The proper implication from an averment that one intentionally at sea opened the valves for the inflow of water, and caused the ship to sink with its cargo, is that it was not only a willful destruction of the ship, but also that it was known and intended that thereby the cargo would be lost, entailing a liability on plaintiff to the owner of the cargo, for which he would seek to fasten liability on defendant on its insurance carrier thereof.

We do not think that pleas 4 and 5, as last amended, are subject to the fourth ground of demurrer.

The foregoing discussion is probably sufficiently expressive of our views on the questions presented by the demurrers to the named pleas, 4 and 5, as last amended. But the argument of counsel has taken a range which we think is outside the demurrer to the pleas, but which affects their merits, and that as the cause is to be reversed, we think, the merits of those pleas should be considered by us, as they have been argued, because on another trial the demurrer may be addressed more specifically to matters thus argued.

■ As a preface to the discussion of the points of insufficiency of these pleas argued by counsel for appellee, we observe that the pleas seek to invoke as a defense a principle which is well founded and fully supported, and is meritorious, if applicable and well pleaded. We state it as follows: There can be no valid insurance coverage which will protect or indemnify the insured or indemnitee against a loss which he may purposely and willfully create, or which may arise from his immoral, fraudulent, or felonious conduct. Such an express contract of insurance or indemnity is void as against

public policy. Mut. Life Ins. Co. v. Lovejoy, 201 Ala. 337, 78 So. 299, L. R. A. 1918D, 860; Vandiver v. Pollak, 107 Ala. 547, 19 So. 180, 54 Am. St. Rep. 118; Burt v. Union Cent. Life Ins. Co., 187 U. S. 362, 23 S. Ct. 139, 47 L. Ed. 216; Ritter v. Mut. Life Ins. Co., 169 U. S. 139, 153, 154, 18 S. Ct. 300, 42 L. Ed. 693; Bindell v. Kenton County, etc., Ins. Co., 128 Ky. 389, 108 S. W. 325, 17 L. R. A. (N. S.) 189, 129 Am. St. Rep. 303.

In Riggs v. Palmer, 115 N. Y. 506, 22 N. E. 188, 190, 5 L. R. A. 340, 12 Am. St. Rep. 819, it was held that a beneficiary who murders the testator was denied a right to the property bequeathed to him, holding that "no one shall be permitted to profit by his own fraud, or to take advantage of his own wrong, or to found any claim upon his own iniquity, or to acquire property by his own crime."

■ It is also well settled that though the coverage of such a contract is broad enough to embrace a liability so created, though not expressed, such liability is treated as excepted from its operation. Such a coverage could have no more effect than if it were expressed. Supreme C. of Knights of Golden Rule v. Ainsworth, 71 Ala. 436, 46 Am. Rep. 332; Burt v. Union Cent. Life Ins. Co., supra.

But appellee seeks to make available another principle which is to the effect, that though there cannot be such a coverage either by specific or general terms, the insurer can by an incontestable clause so contract as that it cannot take advantage of that defense in litigation with the insured or indemnitee. This is upon the theory that the insurer may contract against such a hazard of litigation, though it could not make such a contract of coverage. By a divided court such distinction was first announced in this state in Mutual Life Ins. Co. v. Lovejoy, supra, but later given effect in United Order of G. C. v. Overton, 203 Ala. 335, 83 So. 59, 13 A. L. R. 672; Supreme Lodge, K. P. v. Overton, 203 Ala. 193, 92 So. 443, 16 A. L. R. 649; Lee v. So. Life & Health Ins. Co., 19 Ala. App. 535, 98 So. 696.

■■ The complaint avers that the coverage was of all claims, demands, or other loss occasioned by loss or damage to goods, merchandise, etc., "which may arise from any cause whatsoever." We concede that such terms are broad enough to embrace a liability which the insured shall purposely create. But such terms are in the nature of a coverage only, and as such it is not effective, as against such a liability. The pleas 4 and 5, as thus amended, allege that plaintiff's claim here involved is for a liability and loss which he willfully created. Neither the pleas nor the complaint show that the contract contained an incontestable clause. It therefore becomes the duty of plaintiff to bring forward such a clause, if one exists. This should be done, of course, by replication. United Order of G. C. v. Overton, supra. But the

pleas are good in this respect in the absence of such showing.

■ Another point which appellee argues is that such defense is in the nature of a rescission, and that defendant did not offer to restore any portion of the premium, nor to rescind in a reasonable time, nor did it interpose such defense within such time. Our view is that such contention mistakes the nature of those pleas. They do not question the contract, nor its validity, except to assert that a proper interpretation of it does not extend coverage to a liability which plaintiff willfully created. When so construed, the contract is not set at naught, but its application duly limited. Defendant is not therefore bound by the incidents of a rescission.

■ But plea 6 merely asserts that the loss was "not occasioned by any peril or cause of loss insured against." The plea should set up the facts showing an exception from the general coverage as alleged in the complaint, otherwise it is no more than the general issue. The demurrer to that plea was properly sustained.

Plea 7 claims damages for deceit and avers that the claim is in recoupment, upon the idea, we assume, that in such a plea, different from set-off, defendant is not confined to a claim "not sounding in damages," upon the authority of our cases defining the character of claims available by way of recoupment. Hatchett v. Gibson, 13 Ala. 587; Grisham v. Bodman, 111 Ala. 194, 20 So. 514; Brown v. Patterson, 214 Ala. 351, 108 So. 16, 47 A. L. R. 1093; 37 Corpus Juris 435.

■ But it is always immaterial what the plea denominates its character, for that is determined by its substantive features.

Neither a plea of set-off nor recoupment is now treated as inherently confessing plaintiff's claim. Section 10180, Code.

■ Section 10179, Code, does not enlarge the class of claims which may be pleaded in recoupment. To support a plea in recoupment, the defendant must claim damages, either for the breach by plaintiff of the contract sued on, or of some duty which the law imposes by virtue of such contract. Standard Sanitary Mfg. Co. v. Benson Hardware Co., 225 Ala. 412, 143 So. 570; Craft v. Standard Acc. Ins. Co., 220 Ala. 6, 123 So. 271.

The plea claims for the deceit of plaintiff in procuring money by false representations relating to an entirely different contract from that here involved. That transaction was an insurance policy on the ship, and was a different contract from the indemnity contract which is the foundation of the action in this case. True, they were related, but separate and distinct.

■ By the alleged fraud asserted in plea 7, plaintiff procured from defendant a sum

of money in settlement of the claim of plaintiff against defendant on account of the loss of the ship owned by plaintiff, against the loss of which defendant had made a contract of insurance, separate and distinct from that sued on. Such settlement and payment to plaintiff was not the breach by plaintiff of the contract sued on, nor of a duty which the law imposes by virtue of such contract. It is not therefore matter in recoupment, but of set-off, and must be measured by the rules which apply to a set-off.

The plea is in tort for damages caused by plaintiff's fraud and deceit. It must be measured as a plea of set-off in the light of that fact. Therefore we are confronted with the question of whether such a plea is permissible under our statutes. Mutual demands not sounding in damages merely may be set-off, if subsisting at the commencement of the suit, though the damages are unliquidated, and though the cause of action is in tort. Section 10172, Code.

The only uncertainty of this feature of this plea, when so considered, is whether the damages which may be recovered sound in damages merely. This is so if they are not measurable accurately by a pecuniary standard. Section 10173, Code. When punitive damages may be recovered there is no standard by which they may be accurately measured, and therefore sound in damages merely. A claim in which such damages may be recovered is not proper matter of set-off.. Rosser v. Bunn, 66 Ala. 89. So that we look to the rule which fixes the measure of damages in actions of deceit for fraud. The rule is that ordinarily the measure of damages is compensatory for the loss occasioned by the fraud. · Maxwell v. Sherman, 172 Ala. 626, 55 So. 520; Foster v. Kennedy's Adm'r, 38 Ala. 359, 81 Am. Dec. 56; Tillis v. Smith Sons Lbr. Co., 188 Ala. 122, 139, 65 So. 1015; 27 Corpus Juris 89.

But, in tort actions, or trespass or case (and deceit is in case), punitive damages may be recovered, if the facts justify their recovery. Norton v. Bumpus, 221 Ala. 167, 127 So. 907; Sparks v. McCreary, 156 Ala. 382, 47 So. 332, 22 L. R. A. (N. S.) 1224; Rosser v. Bunn, 66 Ala. 89; 27 Corpus Juris 104; Standard Oil Co. v. Davis, 208 Ala. 565, 94 So. 754; Wilkinson v. Searcy, 76 Ala. 176; Brothers v. Brothers, 208 Ala. 258, 94 So. 175; Johnson v. Collier, 161 Ala. 204, 49 So. 761; Mitchell v. Gambill, 140 Ala. 316, 37 So. 290; Southern B. & L. Ass'n v. Bryant, 225 Ala. 527, 144 So. 367.

It is not necessary to claim punitive damages specially, for they are not special damages. It is not necessary to allege the matter of aggravation which justifies their recovery. Wilkinson v. Searcy, supra; Standard Oil Co. v. Davis, supra; Brothers v. Brothers, supra; Southern B. & L. Ass'n v. Dinsmore, 225 Ala. 550, 144 So. 21.

The plea in this case alleges that plaintiff procured a definite sum from defendant, and seeks a recovery of the amount of that sum, and makes no other claim. But the rule is that the fact that only compensatory damages are claimed does not change the character of the claim in this respect, for it is measured by the rule that punitive damages are available in such a cause of action, and not by the circumstance of whether they cannot be awarded by reason of the prayer. Walker v. McCoy, 34 Ala. 659; Nelms v. Hill, 85 Ala. 583, 5 So. 344.

Moreover, though the plea claims the amount of a definite sum said to have been obtained by fraud, the proof may show that a less sum was obtained, and justify a recovery of punitive damages in the amount of the difference. Plea 7 is, in our opinion, one which is properly defined as sounding in damages merely, and not available as a set-off. The demurrer to it was properly sustained.

We do not here mean to imply that defendant may not assert a claim for "money had and received" by way of set off, predicated upon the payment of money induced by fraud. Roney v. Commercial Union Fire Ins. Co., 225 Ala. 367, 143 So. 571.

The defendant offered to prove that plaintiff was indicted, tried, and convicted of the crime of conspiracy to defraud the carriers of insurance on his ship by the willful and corrupt destruction of the ship in violation of a federal statute.

Such conviction was not pleaded in bar of the right to recover, and, if admissible, it is only so as a circumstance along with the other evidence to prove such facts as are set up in pleas 4 and 5, as amended. On the issues as tried, it was not admissible. No such defense was then in the case to justify any evidence to show that plaintiff willfully created his liability for which he sought indemnity. But we are invited to a discussion of the admissibility of such evidence, because that defense is held by us to be available and may be in the case on another trial. We are disposed to comply with the request.

At the outset we eliminate some questions not involved and as to which there seems to be no conflict of authority. The conviction of the criminal charge is held in this state not to be conclusive of the fact of which he was convicted when such fact is an issue in a civil case, in which the state or government securing the conviction is not a party. Sovereign Camp, W. O. W. v. Gunn, 224 Ala. 444, 140 So. 410.

But such judgment of conviction is conclusive of the fact of a conviction, when in the civil action, the issue relates to the fact of the judgment and not to the existence of the facts for which he was convicted. Such is the case of Burt v. Union Central Life Ins. Co., supra.

■ It is also agreed that, if the defendant interposed a plea of guilty, on which his conviction was predicated, the judgment of conviction in connection with such plea is admissible in a civil action, for it is then in the nature of an admission of the facts. 31 A. L. R. 278, note; Ritter v. Griswold, 2 Ala. App. 618, 622, 56 So. 860; 57 A. L. R. 506, note; 80 A. L. R. 1147, note.

■ We note too that a judgment of acquittal in a criminal case is held not to be admissible in favor of the defendant against another, when the issue arises in a civil case between them as to the commission of the crime by him. Carlisle v. Killebrew, 89 Ala. 329, 6 So. 756, 6 L. R. A. 617; Mobile Light & R. Co. v. Burch, 12 Ala. App. 421, 68 So. 509; 31 A. L. R. 270; Sellers v. Sellers, 212 Ala. 290, 102 So. 442.

Upon the question of the admissibility of the judgment of conviction against the defendant in it, as evidence of the commission by him of the crime charged, when it arises as an issue of fact in a civil case, most of the authorities have treated the judgment of conviction as inadmissible upon the same theory that the judgment of acquittal is not admissible in his favor, without noting a distinction in this respect, and also because such conviction is not an estoppel nor res adjudicata of the fact. But such distinction cannot be overlooked, when the judgment of conviction is offered merely as a circumstance tending to show his guilt, to be taken along with other proof tending to the same end. There is much confusion among the authorities on account of the failure to note such distinction. It is true that most of them assert that a judgment of acquittal or of conviction is not evidence in such cases. We note such authorities as follows: 2 Freeman on Judgments (5th Ed.) §§ 653, 654, 655; 31 A. L. R. 261, note; 57 A. L. R. 504, note; 80 A. L. R. 1145, note; 1 Greenleaf on Evidence, § 537; 2 Black on Judgments, § 529; 15 R. C. L. §§ 476-479.

On the other hand, the reasoning of some of the cases holding to the contrary of those authorities seems conclusive to us. We note particularly the case of Schindler v. Royal Ins. Co., 258 N. Y. 310, 179 N. E. 711, 80 A. L. R. 1142, decided in February of this year, holding that the "dissimilarity of object, procedure, and degree * * * of proof in the two trials forbid that the criminal judgment should be held to be decisive of the facts on which it is based" (as we have held in our Gunn Case, supra), but further that:

"While a judgment of acquittal is only a determination that guilt has not been established beyond a reasonable doubt, although a preponderance of evidence might point thereto, a valid judgment of conviction in a court of competent jurisdiction with all the safeguards thrown about a person accused of crime which enable him to make his defense, to examine witnesses and to testify in his own behalf, might be held free from collateral attack without exposing the law to the jibes and jests of the critics of our present system of administering justice. * * *

"The rule in New York from an early day (Maybee v. Avery, 18 Johns. 352) has relaxed the strict rule of complete exclusion. It permits * * * evidence of the facts involved. The same rule has been stated in England (Matter of Crippen's Estate, L. R. [1911] Prob. 108, 115), where Evans, P., said: 'In my opinion, where a convicted felon, or the personal representative of a convicted murderer who has been executed, brings any civil proceeding to establish claims, or to enforce rights, which result to the felon, or to the convicted testator from his own crime, the conviction is admissible in evidence, not merely as proof of the conviction, but also as presumptive proof of the commission of the crime.' "

This court has virtually adopted that theory in our recent case of Page v. Skinner, 220 Ala. 302, 125 So. 36.

Upon such reasoning the Supreme Court of Virginia in the recent case of Eagle, Star & Br. Dom. Ins. Co. v. Heller, 149 Va. 82, 140 S. E. 314, 57 A. L. R. 490, went the full length of holding that such conviction was not merely evidence of the commission of the crime when it was an issue in such civil case, but also that it is conclusive of it against the defendant so convicted. But the New York court refused to go to that extent, and so has this court.

■ We are committed to the doctrine of the admission of such evidence as a circumstance tending to show the commission of the crime (Page v. Skinner, supra), and reaffirm it as the most logical theory. Of course, if the conviction is suspended pending an appeal or motion for new trial, or for any other cause, it should have no relevancy and not be admissible.

We do not think it is necessary to discuss any other questions in this case.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.