146 So. 618

## HOOPER MOTOR CO. v. HARRIS et al.
### 7 Div. 175.

Supreme Court of Alabama.

March 9, 1933.

Thos. E. Orr, of Albertville, and Chas. J. Scott, of Fort Payne, for appellant.

J. V. Curtis and C. A. Wolfes, both of Fort Payne, for appellees.

BOULDIN, Justice.

A minor is liable for his torts. When sued in detinue, minority is no excuse for the wrongful detention of the property of another. Oliver v. McClellan, 21 Ala. 675; Pritchett v. Fife, 8 Ala. App. 462, 62 So. 1001.

But, where the plaintiff claims title and right of possession through a chattel mortgage given by the defendant, a minor, the defense of minority is available as in actions ex contractu. Such defense goes to the question of plaintiff's title by contract, and hence to the issue of wrongful detention vel non.

While the trial court sustained a demurrer to the plea of infancy on the part of Clarence Harris, the judgment entry shows trial had on an amended plea, which does not appear in the record. In such case, the presumption is indulged on appeal that such amended plea presented the issues upon which evidence was admitted and the cause submitted to the jury by the charge of the court, nothing to the contrary appearing.

The property sued for, so far as involved on this appeal, was part of the crop of 1930. Plaintiff claimed through a crop mortgage executed in January, 1930, by J. B. Harris and C. C. Harris, father and son. J. B. Harris disclaimed possession of this part of the crop, and C. C. Harris claimed title thereto in himself. The son, although a minor, was married. Father and son lived together, and plaintiff's evidence tended to show the father rented all the land from the landlord, and the crops were cultivated together.

But defendants' evidence tended to show that both rented the lands; that the lands were divided between them; that each had his own crop and paid his rents; and that the landlord signed the individual note of the son to get supplies to make his crop.

Evidence that the cotton from which the seed in question was derived was ginned for and in the name of C. C. Harris was admissible in connection with the other evidence. The mortgage did not call for crops on any specific lands. Not binding on the minor, it passed only the crops of the father.

Charges 1, 2, and 3, refused to plaintiff, proceed on the theory that the son had only the statutory lien of an agricultural laborer, which is subordinate to the crop mortgage duly recorded. Smith v. Haley, 210 Ala. 339, 98 So. 19.

Without considering defects of form or substance, the issues were fully covered by the oral charge and plaintiff's given charges B, C, and F. These given charges were more direct and favorable to plaintiff than those refused; whether too favorable to plaintiff we would not be understood as deciding.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.