160 So. 761

# DRENNEN MOTOR CAR CO. v. SMITH.

## 6 Div. 696.

Supreme Court of Alabama.
April 11, 1935.

Mullins & Deramus, of Birmingham, for appellant.

Harsh, Harsh & Hare and J. T. Roach, all of Birmingham, for appellee.

FOSTER, Justice.

This action was tried on two common counts: (1) On account; (2) for money had and received. Both allege that plaintiff was a minor and state the due date to be May 25, 1932. They do not otherwise state the circumstances out of which the claim is made.

Defendant filed several pleas in addition to the general issue. The only assignments of error made by appellant are that the court erred in sustaining demurrer to pleas 6, 7, 8, and 10. Those pleas are denominated by their prayer to be pleas of set-off, and are all in deceit for damages. They allege that the deceit consisted in the misrepresentation of plaintiff's age when he purchased an automobile from defendant. They do not allege or show that they refer to the same transaction as that which is the basis of plaintiff's claim. They are therefore to be treated as pleas of set-off and not recoupment. Fidelity-Phenix Fire Ins. Co. v. Murphy, 226 Ala. 226, 146 So. 387; Standard Sanitary Mfg. Co. v. Benson Hardware Co., 225 Ala. 412, 143 So. 570; Craft v. Standard Accident Ins. Co., 220 Ala. 6, 123 So. 271.

A plea of set-off which sounds in damages merely is not available. Sections 10172, 10173, Code. Such a plea claiming damages for deceit is within this rule of prohibition. Fidelity-Phenix Fire Ins. Co. v. Murphy, supra. Ground 5 of the demurrer presents that question. That situation is sufficient to justify the ruling, and the circuit court will not be put in error for that reason.

We judge from the evidence, though not proper for consideration in passing on the sufficiency of the pleas, that they do relate to the purchase by plaintiff of an automobile for the price of which, to the extent that he paid it, plaintiff is suing to recover on a disaffirmance and rescission by him because of his minority. It may be that the argument is thus omitted because of a consciousness that the pleas do relate to the transaction of which plaintiff complains.

Before discussing the chief point argued, we will consider others urged by appellee in support of the ruling. It is not necessary in Alabama, since or before the adoption of what is section 8049, Code, in a deceit count or pleas of set-off to allege that the misrepresentation which is the basis of the deceit was made with the intent to deceive, or with knowledge of its falsity, when the other elements exist. Cartwright v. Braly, 218 Ala. 49, 117 So. 477; Reliance Life Ins. Co. v. Sneed, 217 Ala. 669, 117 So. 307; Gulf Electric Co. v. Fried, 218 Ala. 684, 119 So. 685; Coleman v. Night Commander Lighting Co., 218 Ala. 196, 118 So. 377.

Pleas 6, 7, and 8 contain the allegations that there was a material representation as to plaintiff's age, intended to induce defendant to sell plaintiff an automobile; that defendant acted in reliance upon such representation; that it was false and was known by plaintiff to be false. In the case of King v. Livingston Mfg. Co., 180 Ala. 118, 60 So. 143, it was held that plaintiff must have intended that the representation be acted on. We have adhered to that as a requirement. Lovett v. Funderburk, 224 Ala. 634, 141 So. 557. But that does not mean that plaintiff must know that the representation is false or that he must intend to defraud.

Plea 10 does not allege that plaintiff made the representation to induce defendant to act, or that defendant relied or acted on it. It is not sufficient merely to allege that "plaintiff wrongfully and by fraudulent representations obtained from the defendant" the car, to the injury of defendant. The facts on which the fraud is predicated must be alleged as illustrated in pleas 6, 7, and 8. The allegation of negligence does not cure the defect. Plea 10 is defective on that account.

Such counterclaim as is set up in those pleas is not available under the general issue to the common counts. George v. Roberts, 186 Ala. 521, 65 So. 345; Bixby-Theisen Co. v. Evans, 186 Ala. 507, 65 So. 81; Wadsworth v. First National Bank, 124 Ala. 440, 27 So. 460.

It is also insisted that those pleas do not allege that defendant has been damaged in any material respect by the misrepresentations, in that they do not show that the depreciation in value affected defendant.

True injury, not merely nominal, is an element of deceit. Lowery v. Mutual Loan Society, 202 Ala. 51, 79 So. 389; Moore v. Westinghouse Electric & Manufacturing Co., 112 Ala. 452, 20 So. 487; Wall v. Graham, 192 Ala. 396, 68 So. 298. But we do not find any ground of demurrer addressed to that defect. It is not therefore considered. And though plaintiff still was a minor when he disaffirmed and began this suit, no question is here presented as to his right to do so during minority. See 31 Corpus Juris, 1067.

We now reach the point chiefly urged and argued by counsel for both parties: Is a minor liable in an action or cross-action for deceit in misrepresenting his age as an inducement to the purchase of an automobile, which he has a right to disaffirm, but which he has not done so far as the pleadings show? But this question has been argued by both counsel as though the pleadings do show such disaffirmance. We will therefore treat it as they have argued it.

The authorities are in irreconcilable conflict on the question, with what is said to be the majority holding the existence of liability in tort by the infant under those circumstances. Wisconsin Loan & Finance Corporation v. Goodnough, 201 Wis. 101, 228 N. W. 484, 67 A. L. R. 1264, 1265; 31 Corpus Juris, 1093. It is generally true that an infant is liable for his torts. Ex parte Pritchett, 187 Ala. 384, 65 So. 521. But not so when the action in tort is no more than one method of enforcing a contract or other claim for which the infant is not liable. Hooper Motor Co. v. Harris, 226 Ala. 278, 146 So. 618.

We have held that a misrepresentation of his age by an infant cannot estop him against a rescission, and that when he rescinds, and though he misrepresented his age to induce the trade, he is not liable for the use or detention of the car during his minority. McCarty-Greene Motor Co. v. McCluney, 219 Ala. 211, 121 So. 713. That if the infant

during minority has wasted or consumed the consideration he is not required either at law or in equity to refund it, or its equivalent in money, *or to place the other party in statu quo.* Bell v. Burkhalter, 176 Ala. 62, 57 So. 460.

On both of those propositions the authorities in other jurisdictions are in conflict. Sternlieb v. Normandie National Securities Corporation, 263 N. Y. 245, 188 N. E. 726, 90 A. L. R. 1441 et seq. But it would be inconsistent for us to maintain those theories, and then hold that a contrary result follows in a different form of action.

■ On the other hand, the argument is that the law, and not the contract, imposes a liability for torts; that in this instance the duty is created by law, and not the contract, but by fraud in procuring a contract which the infant may and does disaffirm; that when he does so, there is no contract or contractual right which is even indirectly sought to be fastened on him, but one arising from his fraud; and that it did not grow out of the contract or in any way result from it. But in Alabama, as we have stated, when an infant disaffirms a contract for his purchase of property, and he is not denied that right because of his fraud, he is not accountable for his use or misuse, during infancy, of the property so procured. Such absence of liability is not merely incidental to any certain form of action, but inheres into his status of infancy, regardless of the procedure by which the claim is sought to be enforced against him, whether at law or in equity. So that on the merits of the question argued, we think the ruling of the court is free from error.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.