ROBERT P. BRADLEY, Retired Appellate Judge.
This is an appeal from a summary judgment.
On February 24, 1989, Warrior River Towing filed a complaint in the Tuscaloosa County District Court against William H. Kennedy, S. Lee Pake, and First State Bank. The complaint alleged that Warrior had mistakenly paid twice for an account in which First State held a security interest and which had been assigned to Kennedy and Pake. The complaint further alleged that Warrior was due repayment from either Kennedy and Pake or First State.
All parties filed motions for summary judgment on April 28, 1989. The district court denied Warrior’s motion, but granted summary judgment to Kennedy, Pake, and First State. Warrior appealed to the Circuit Court of Tuscaloosa County. Warrior amended its complaint to add First Alabama Bank as a defendant and added a count against Kennedy, Pake, and First Alabama for conversion. Warrior settled with First State out of court, and a partial final judgment was entered, dismissing First State as a defendant.
Thereafter, Warrior filed a motion for summary judgment in circuit court, as did Kennedy, Pake, and First Alabama Bank. The circuit court denied Warrior’s motion and granted summary judgment for all the defendants. Warrior appeals only the granting of summary judgment to Kennedy and Pake.
We begin by noting that summary judgment is proper only where there is no genuine issue of material fact arid the moving party is entitled to a judgment as a matter of law; but, where substantial evidence is produced that supports the position of the nonmoving party, summary judgment cannot be granted. Southern Guaranty Ins. v. First Ala. Bank, 540 So.2d 732 (Ala.1989); Rule 56, A.R.Civ.P.
The material issues of fact in this case are undisputed. On October 22, 1987, First State Bank perfected a security interest in all accounts receivable of Southern Diesel. On March 30, 1988, Warrior purchased an “air starter” on credit from Southern Diesel. After trading in its defunct air starter for a “core credit” of $309.23, Warrior owed Southern Diesel a balance of $1,830.77. On April 8, 1988 Warrior was notified that Kennedy and Pake had a valid assignment in the account and that payment should be made directly to them. Warrior did not pay Kennedy at that time. Instead, on June 3, 1988 Warri- or sent a check for $2,785.31 to. Southern Diesel, which then delivered the proceeds thereof to its secured creditor, First State Bank. On June 15, 1988 Kennedy telephoned Warrior’s vice-president, Ron Brown, and demanded payment of the account. Brown did not know of the prior disbursement to Southern Diesel and *845 signed another check to pay for the same account. The check was made payable to Southern Diesel and was mailed to Kennedy, who endorsed the check for Southern Diesel and obtained the proceeds therefrom.
Warrior argues that the second payment of the account was an undisputed mistake, for which Kennedy and Pake are liable as a matter of law. Because Kennedy and Pake must refund the payment, Warrior argues, they were not entitled to summary judgment.
The parties have stipulated that the second payment of the invoice was indeed an unintentional mistake on the part of Warrior. It is elementary law that if one, through mistake of fact, false representation, or fraud, obtains money from another an action lies to recover it on the simple principle that the one has money which ex aequo et bono belongs to another. Roney v. Commercial Union Fire Ins. Co., 225 Ala. 367, 143 So. 571 (1932). A payment made under mistake of fact can be recovered even though the payor had means of ascertaining the true facts and was not diligent in employing such means. Oliver v. Hayes Int’l Corp., 456 So.2d 802 (Ala.Civ.App.1984). The question of law before us is whether Kennedy and Pake are the proper parties from which Warrior may recover the mistaken payment.
It is uncontroverted that First State Bank held a perfected security interest in the Warrior account prior in time to the assignment of the account to Kennedy and Pake. Conflicting security interests rank according to priority in time of filing or perfection. § 7-9-312(5), Code 1975. A security interest is not lessened by the fact that a debtor is allowed to collect or compromise accounts which are the subject of the security interest. § 7-9-205, Code 1975.
Here, Kennedy and Pake were assigned an account that was already the subject of a perfected security interest; hence, their right to payment of the account is subordinate to that of the secured creditor, First State Bank. As subsequent assignees of the account, Kennedy and Pake would be entitled to collect the account only if permitted to do so by the prior secured party. See §§ 7-9-504(1)(c) and (2), Code 1975. First State Bank did not give any such permission. Kennedy and Pake were not authorized to collect the account, and the payment made to them is due to be refunded as a matter of law. Accordingly, we find that the circuit court’s award of summary judgment to Kennedy and Pake was in error.
Warrior raises other issues which are pretermitted in view of the foregoing.
The award of summary judgment to Kennedy and Pake is reversed and the cause remanded for entry of summary judgment in favor of Warrior.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.